RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff
4 and 1 Nutrition, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SUN BROTHERS, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: CV12-00357-GAF (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation Re [Proposed] Protective Order and [Proposed] Protective Order ("Stipulation") filed on July 30, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the

1  Court's amendment of paragraphs 8, 9, 11, 13, 15, 16, 17, 18, and 20, and deletion
2  of paragraph 26.
3       The parties are expressly cautioned that the designation of any information,
4  document, or thing as Confidential, Highly Confidential – Attorneys' Eyes Only,
5  or other designation(s) used by the parties, does not, in and of itself, create any
6  entitlement to file such information, document, or thing, in whole or in part, under
7  seal. Accordingly, reference to this Protective Order or to the parties' designation
8  of any information, document, or thing as Confidential, Highly Confidential –
9  Attorneys' Eyes Only, or other designation(s) used by the parties, is wholly
10 insufficient to warrant a filing under seal.
11      There is a strong presumption that the public has a right of access to judicial
12 proceedings and records in civil cases. In connection with non-dispositive
13 motions, good cause must be shown to support a filing under seal. The parties'
14 mere designation of any information, document, or thing as Confidential, Highly
15 Confidential – Attorneys' Eyes Only, or other designation(s) used by parties, does
16 not -- **without the submission of competent evidence, in the form of a**
17 **declaration or declarations, establishing that the material sought to be filed**
18 **under seal qualifies as confidential, privileged, or otherwise protectable** --
19 constitute good cause.
20      Further, if sealing is requested in connection with a dispositive motion or
21 trial, then compelling reasons, as opposed to good cause, for the sealing must be
22 shown, and the relief sought shall be narrowly tailored to serve the specific interest
23 to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th
24 Cir. 2010). For each item or type of information, document, or thing sought to be
25 filed or introduced under seal in connection with a dispositive motion or trial, the
26 party seeking protection must articulate compelling reasons, supported by specific
27 facts and legal justification, for the requested sealing order. **Again, competent**
28

**evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

### TERMS OF PROTECTIVE ORDER

1. This protective order (the "Order") shall govern the use, handling, and disclosure of all documents,[1] transcripts of, and exhibits to, depositions,

---

[1] The term "document" as used herein shall include any kind of printed, recorded, written, graphic, photographic, magnetic, or electronic matter (including, but not limited to, electronic mail (along with any attachments), audio and/or video recordings, and other material for computer use) and includes any document and/or electronically stored information as defined by the Federal Rules of Civil Procedure, Rule 34(a).

interrogatory answers, responses to requests for admissions, and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries therefore (collectively, "Litigation Material"), produced, filed with the Court, served, or obtained by any party or non-party in this action (collectively, "Person(s)").

2. Any Person shall have the right, before disclosure to other parties, to designate Litigation Material it produces or provides as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Order. Designations shall be limited to information which the disclosing party, or an attorney on behalf of such party, in good faith believes constitutes, reflects, or discloses its trade secrets,[2] confidential research, development, technology, commercial information, or other proprietary or other highly confidential information. For purposes of this Order, Litigation Material that may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to non-public information and documents that relate-to: (i) cost and pricing information, costs of production, **and** pricing strategies; (ii) financial or tax data; (iii) business plans, business strategies, **and** competitive analyses; and (iv) formulas, methods, techniques, and processes involving rice protein as a component. Documents and information to be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be limited to confidential information that the disclosing party, or an attorney on behalf of such party, in good faith reasonably believes to be so

---

[2] The term "trade secrets" as used herein shall conform to the definition for "trade secret" under the California Civil Code § 3426.1 ("'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.").

PROTECTIVE ORDER - 4

competitively sensitive that, if disclosed, the disclosing party could suffer competitive harm.

3. All Litigation Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and all information derived therefrom, shall be referred to in this Order as "Designated Material" and shall be handled in strict accordance with the terms of this Order. Such Designated Material shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose, except as required by law, and such Designated Material shall not be disclosed to anyone except as provided herein. Designated Material may be disclosed only under the circumstances and to the persons specifically provided for in this Order or any subsequent court order, or with the explicit written consent of the designating Person with respect to specifically identified Designated Material.

4. Nothing contained herein shall prevent any Person from disclosing its own Designated Material or information contained therein as it deems appropriate; provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Designated Material pursuant to this Order, unless such material meets the criteria set forth in paragraph 21 of this Order.

5. Litigation Material designated as "CONFIDENTIAL" or information derived therefrom may be disclosed, shown, made available, or communicated in any way only to the following persons:

    a. counsel who represent a party in this litigation and the regular and temporary employees of such counsel assisting them for the purposes of this litigation;

    b. experts or consultants and their staff who are employed for the purposes of this litigation, provided that the provisions in Paragraphs

9 and 10 of this Order **are** complied with prior to disclosure of any Designated Material to such expert or consultant;

c. the Court and **its** staff, including any court reporters employed by the Court or in connection with this litigation;

d. officers, directors, and employees of the parties, but only to the extent necessary to participate in, assist in, and monitor the progress of this action and for no other purpose;

e. third parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents, but for that purpose only, provided that all such documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of any party to this action or for any person having any interest adverse to any party to this action;

f. witnesses deposed in this action or who are called as witnesses at any hearing in this action, but only as set forth in Paragraph 11 of this Order, and provided that the provisions in Paragraphs 9 and 10 of this Order **are** complied with prior to disclosure of any Designated Material to any witness;

g. mediators or other Alternative Dispute Resolution (ADR) professionals and their staff who are employed for the purposes of this litigation, provided that the provisions in Paragraphs 9 and 10 of this Order **are** complied with prior to disclosure of any Designated Material to such mediator or ADR professional;

6. Litigation Material designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or information derived therefrom may be

disclosed, shown, made available, or communicated in any way only to the following persons:

    a.   counsel who represent a party in this litigation and the regular and temporary employees of such counsel assisting them for the purposes of this litigation;

    b.   experts or consultants and their staff to whom disclosure is reasonably necessary for this litigation and who are employed for the purposes of this litigation, provided that the provisions in Paragraphs 9 and 10 of this Order **are** complied with prior to disclosure of any Designated Material to such an expert or consultant.

    c.   the Court and **its** staff, including any court reporters employed by the Court or in connection with this litigation;

    d.   the author of the document or the original source of the information.

7. Designated Material shall be so designated by marking or stamping (as applicable, on each page of) such material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at such time the material is disclosed. Making Litigation Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all Litigation Material provided for inspection shall be treated as though designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" from the time of inspection until those documents are produced.

8. Any deposition may be classified as Designated Material by (i) indicating on the record at the deposition; or (ii) within twenty (20) court days after receipt of the transcript of such deposition, that the examination or testimony discloses Designated Material under the terms of this Order; and in both of the foregoing instances, the specific portions of the original deposition transcript, of the exhibits, and of all copies of exhibits thereto that contain

1  Designated Material shall be identified by the designating Person by letter to
2  all other parties, and if and when filed or lodged with the Court, the
3  confidential portions of such transcripts shall be filed or lodged pursuant to
4  Paragraphs 15 and 16 of this Order.  All deposition transcripts shall be
5  treated as though designated as "HIGHLY CONFIDENTIAL -
6  ATTORNEYS' EYES ONLY" until the expiration of the twentieth day after
7  receipt by counsel of a copy of the transcript thereof.
8  9.  Subject to the disclosure limitations set forth in Paragraphs 5 and 6, all
9  persons, **other than the Court and its staff,** to whom Designated Material
10  is disclosed or by whom Designated Material is used, including parties and
11  their representatives, shall be informed of and agree to be bound by the
12  terms of this Order and shall take all necessary precautions to prevent any
13  disclosure or use of Designated Material other than as authorized by this
14  Order.
15     a. Except for persons described in Paragraph 5, subparts (a), (c), (d), and
16        (e) and Paragraph 6, subparts (a), (c), and (d), for each person to
17        whom Designated Material is disclosed or by whom Designated
18        Material is used, the disclosing party shall:  (i) obtain from such
19        person a written acknowledgment, substantially in the form of Exhibit
20        A annexed hereto, that such person has reviewed a copy of this Order,
21        will comply with its terms in all respects, and will submit to the
22        jurisdiction of this Court for adjudication of any dispute about
23        whether such person has complied with the terms of this Order; (ii)
24        maintain a copy of this written acknowledgment evidencing that such
25        person has executed the undertaking set out herein; and (iii) upon
26        request, subject to the rules regarding expert disclosures, provide a
27        copy of this acknowledgment to the Person whose Designated
28        Material it discloses.

    b.    Individuals who are authorized to review Designated Material pursuant to this Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing except as expressly permitted by this Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

10. All Litigation Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Paragraphs 5 and 6 of this Order.

11. Witnesses deposed in this action may be shown Designated Material, but only in preparation for, or during, the deposition and only under the following circumstances:

    a.    The witness is identified as a originator, signatory, author, addressee, or recipient of the original or a copy of the Designated Material or is in a position that he or she would logically review or receive such Designated Material in the course of his or her employment;

    b.    The witness is otherwise entitled under this Order to see the Designated Material; or

    c.    The designating Person has given permission for the witness to see the Designated Material.

12. A designating Person **who or which** inadvertently fails to mark Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of the production may correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each Litigation Material appropriately marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Within five (5) court days of receipt of the

substitute copies, the receiving party shall return or destroy the previously undesignated materials and all copies thereof that such party has in its custody.

13. If Designated Material is disclosed to any person or entity other than in the manner authorized herein, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the designating Person, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

14. When any third party produces documents or testimony pursuant to a request from a party in this matter, such third parties may designate their documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order. In addition, within ten (10) court days of the receipt of any third-party documents or testimony, any of the parties may designate such documents or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the provisions of this Order.

15. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to or lodge with the Court any such document, or the information contained therein for any purpose, such document or information shall be lodged **with an application, made in accordance with Local Rule 79-5 and supported by competent evidence, to file such document and/or information** under seal. A copy of the title page **of the document sought to be filed under seal shall be** attached to the front of the sealed envelope or container and the label "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DATED [INSERT DATE OF ORDER]" or "CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER DATED [INSERT DATE OF ORDER]" **shall be** clearly marked thereon.

16. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made part of the public record. The item may be redacted, **with Court permission,** to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

17. In the event that any Designated Material is **to be presented for use** in any court proceeding in this action, counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such court proceedings. **Counsel shall promptly bring to the Court's attention, in advance of the proceeding, the measures it believes are reasonable and legally permissible to protect "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents or information.**

18. In the event that additional parties join or are joined in the litigation, they shall have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designated Material **upon execution and filing** with the Court **an** agreement to be bound by this Order.

19. If at any time during the pendency or trial of this action, counsel for any party claims that Designated Material is not appropriately so designated, objecting counsel shall follow the procedures set for in United States District Court Central District of California Local Rules 37-1 though 37-4. The parties acknowledge that there are no time restrictions on the assertion of

such rights or procedures other than as set forth in the rules to the Federal Rules of Civil Procedures and any applicable local rules of the Court.

20. If any **Person** receives a subpoena or other lawful process requesting or directing that **Person** to produce to a third-party any Designated Material, the **Person** receiving the subpoena shall immediately give notice to the designating Person of the fact of the subpoena and a summary of the documents requested in the subpoena so as to enable the designating Person to attempt to intervene or otherwise object to the production of the Designated Material. **Nothing in this Order should be construed as authorizing a receiving Person in this action to disobey a lawful directive from another court.**

21. Subject to the provision in Paragraph 17 of this Order, the confidentiality obligations of this Order shall not apply or shall cease to apply to any information that:
    a. at the time of disclosure hereunder, was already in the public domain by publication or otherwise;
    b. since the time of disclosure hereunder, has become, through no act or failure on the part of the receiving **Person**, part of the public domain by publication or otherwise; or

22. Upon the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all **Persons** to whom Designated Material has been disclosed or communicated, and this Court shall retain jurisdiction to enforce this Order.

23. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), any and all Designated Material shall be returned to the designating Person or, at the option of the designating Person, destroyed; provided, however, counsel

for each party shall be permitted to retain and archive Designated Material that is contained in pleadings, other court filings or deposition transcripts (including exhibits thereto). If Designated Material is destroyed pursuant to this paragraph, upon request by the designating Person, the party destroying such Designated Material shall certify in writing that such destruction has taken place.

24. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of any Designated Material except in accordance with the terms of this Order.

25. This Order is being entered without prejudice to the right of any **Person** to move the Court for modification of or relief from any of its terms.

**IT IS SO ORDERED.**

Dated: August 21, 2012

*Margaret A. Nagle*

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## Assurance of Compliance

I, _____, declare and state as follows:

1. I reside in the City/County of _____, and State of _____.

2. I have read the annexed Protective Order ("Order") dated August 21, 2012, in the action entitled *4 and 1 Nutrition, LLC v. Sun Brothers, LLC* (Case No. CV12-00357-GAF).

3. I understand the provisions of this Order, and I agree to comply with and be bound by its provisions.

4. I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing said Order, or any adjudication of any dispute regarding my compliance with the terms of this Order.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 20___ at _____.

_____
(Signature)