RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff
4 and 1 Nutrition, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SUN BROTHERS, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: CV12-00357-GAF (MANx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>[Separate Statement of Undisputed Material Facts and Declarations of David Janow, Robert Bransky, Michael Shurgot, and Jim D. Bauch filed concurrently herewith; [proposed] Order lodged concurrently herewith.]<br><br>[Fed. R. Civ. P. 56]<br><br>Hearing<br>Date: December 24, 2012<br>Time: 9:30 a.m.<br>Courtroom 740 [Roybal Building]<br>Judge: Hon. Gary Allen Feess<br><br>Action Filed: January 13, 2012<br>Discovery Cut-Off: February 1, 2013<br>Trial Date: April 30, 2013 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 24, 2012 at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Gary A. Feess in Courtroom 740 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, plaintiff 4 and 1 Nutrition, LLC ("Plaintiff") will and hereby does move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting partial summary judgment on Plaintiff's first cause of action for breach of contract, declaring that defendant Sun Brothers, LLC ("Defendant") is liable to Plaintiff for breaches of the Sales and License Agreement and the Amendment to the Sales and License Agreement.

Good cause exists to grant the motion because the undisputed facts show that Defendant executed and subsequently breached such agreements by purchasing ingredients from other suppliers and by failing to pay for the audit expenses pursuant to the terms of such agreements.

**This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on July 27, 2012 via teleconference.** *See* Declaration of Jim D. Bauch ("Bauch Decl."), ¶ 5.

This Motion is supported by this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Separate Statement of Undisputed Material Facts, the Declarations of David Janow, Robert Bransky, Michael Shurgot, and Jim D. Bauch, all the documents on file in this matter, and such oral arguments as the Court shall entertain at the hearing on this motion.

DATED: November 19, 2012      LAPIDUS & LAPIDUS
                             A PROFESSIONAL LAW CORPORATION


_____/s/_____

JIM D. BAUCH
Attorneys for Plaintiff
4 and 1 Nutrition, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff 4 and 1 Nutrition, LLC's ("Plaintiff") first cause of action is a straightforward breach of written contract claim, where the undisputed facts show that defendant Sun Brothers, LLC ("Defendant") executed a Sales and License Agreement and a subsequent Amendment to the Sales and License Agreement whereby, among other terms, Defendant agreed to purchase certain ingredients exclusively from Plaintiff.  Defendant, however, purchased those specific ingredients from other suppliers in direct violation of the Sales and License Agreement.  Defendant has also failed to pay the audit expenses as required under the Amendment to the Sales and License Agreement.

As set forth below, these facts are undisputed.  Accordingly, Plaintiff seeks summary judgment on the issues that (1) Defendant breached the Sales and License Agreement, (2) Defendant breached the Amendment to the Sales and License Agreement, and (3) Defendant is liable to Plaintiff for breaching such agreements.

### II.   STATEMENT OF FACTS

A.   The Sales and License Agreement

In or about December 2009, defendant Sun Brothers, LLC ("Defendant") made and entered into a written Sales and License Agreement ("Agreement") with plaintiff 4 and 1 Nutrition, LLC ("Plaintiff").  *See* Separate Statement of Undisputed Material Facts ("SUMF"), ¶ 1.  Pursuant to the terms of the Agreement, Plaintiff agreed to license Defendant the rights to use certain of Plaintiff's proprietary rice protein formula.  *See* SUMF, ¶ 2.  Paragraph 1 of the Agreement requires Defendant, for the term of the Agreement, to purchase exclusively from Plaintiff all ingredients necessary for the production of Plaintiff's rice protein formula.  *See* SUMF, ¶ 4.

---

1    Defendant, however, admitted that it purchased the ingredients necessary
2    for the production of Plaintiff's rice protein formula from suppliers other than
3    Plaintiff during the term of the Agreement.  *See* SUMF, ¶¶ 8, 9.  An independent
4    audit conducted on Defendant's books and records confirms that Defendant
5    purchased such ingredients from other suppliers, including, but not limited to,
6    Natural Ops – an unrelated entity that it not otherwise associated with Plaintiff –
7    in direct violation of the exclusivity provision provided in paragraph 1 of the
8    Agreement.  *See* SUMF, ¶¶ 4, 10, 15.

9    The only exception to the Agreement's exclusivity provision is that, in the
10   event Plaintiff is unable to fulfill Defendant's order request, a replacement vendor
11   may be selected.  *See* SUMF, ¶¶ 5, 7.  This exception, however, only applies
12   under the following conditions: 1) Defendant provides Plaintiff with advanced
13   notice of its ingredient needs for the upcoming three calendar months; 2) Plaintiff
14   confirms in writing that it is not able to fulfill Defendant's order request; and 3)
15   Plaintiff – not Defendant – has the right to select a replacement vendor to provide
16   the ingredients necessary for the production of Plaintiff's rice protein formula.
17   *See* SUMF, ¶¶ 6, 7.  Defendant, however, failed to provide Plaintiff with any such
18   advanced notice.  *See* SUMF, ¶ 11.  Furthermore, at no time during the term of the
19   Agreement did Plaintiff ever indicate, let alone confirm (either in writing or
20   orally), to Defendant that it would be unable to fulfill any of Defendant's order
21   requests.  *See* SUMF, ¶¶ 12, 13.  Indeed, Defendant never even asked Plaintiff for
22   permission to obtain such ingredients from any other vendor, including Natural
23   Ops.  *See* SUMF, ¶ 14.

24

25   B. <u>The Amendment to the Sales and License Agreement</u>
26   On January 14, 2012, Plaintiff and Defendant entered into an Amendment
27   to the Sales and License Agreement ("Amendment"), amending (but not
28   superseding) the terms of the Agreement.  *See* SUMF, ¶ 16.  Pursuant to

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

1   Paragraph 4 of the Amendment, Plaintiff has the right to audit Defendant's books

2   and records at Defendant's expense.  *See* SUMF, ¶ 17.  Plaintiff invoked its rights

3   to audit Defendant's books and records and retained Resolution Economics, LLC

4   to conduct the audit.  *See* SUMF, ¶ 18.

5       To conduct and complete the audit, Resolution Economics, LLC sent its

6   personnel to Defendant's office in Nevada, interviewed management and staff at

7   Defendant's office, and reviewed Defendant's invoices, cash detail, sales reports,

8   inventory, shipping documents, bank statements, and other records.  The total cost

9   of the audit was $49,052.91.  *See* SUMF, ¶ 19.  Defendant, however, has paid only

10   a total of $14,842.10 for the audit.  *See* SUMF, ¶ 20.  The balance outstanding for

11   the cost of the audit is $34,210.81.  *See* SUMF ¶, 21.  Despite repeated demands,

12   Defendant has not paid the total of the auditor's fees and costs.  *See* SUMF, ¶ 21.

13

14  **III.**   **ARGUMENT**

15       A. <u>Summary Judgment Standard</u>

16       Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "partial

17   summary judgment is proper 'if the pleadings, depositions, answers to

18   interrogatories, and admissions on file, together with the affidavits, if any, show

19   that there is no genuine issue as to any material fact. . . .'"  *E.piphany, Inc. v. St.*

20   *Paul Fire & Marine Ins. Co.*, 590 F.Supp.2d 1244, 1250 (N.D. Cal. 2008)

21   (quoting Fed. R. Civ. P. 56(c)).  "The moving party bears the initial burden of

22   demonstrating the absence of a 'genuine issue of material fact for

23   trial.'[citations]."  *Watson Lab., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F.Supp.2d

24   1099, 1106 (C.D. Cal. 2001) (citations omitted).  Material facts are those that

25   could affect the outcome of the suit under the applicable substantive law.

26   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Summary judgment

27   on the meaning of the terms of a contract is appropriate where the contract terms

28   are clear and unambiguous . . . . [citations]."  *Civic Ctr. Drive Apartments Ltd.*

1  *P'ship v. Sw. Bell Video Services*, 295 F.Supp.2d 1091, 1101 (N.D. Cal. 2003)

2  (citations omitted).

3

4     B.  Plaintiff Is Entitled to Summary Judgment on its Breach of Contract

5         Claim

6        Pursuant to the choice of law provision in the Agreement, the applicable

7  substantive law in this matter is California law.  *See* SUMF, ¶ 3.  California

8  authorities provide that a breach of contract cause of action consists of the

9  following elements: 1) the existence of a contract, 2) plaintiff's performance or

10 excuse for nonperformance, 3) defendant's breach, and 4) damage to plaintiff.

11 *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001).

12       Defendant admitted it entered and executed the Agreement with Plaintiff.

13 *See* SUMF, ¶ 1.  No dispute exists that the Agreement requires Defendant to

14 purchase the ingredients necessary for the production of Plaintiff's rice protein

15 formula exclusively from Plaintiff.  *See* SUMF, ¶ 4.  It is also undisputed that

16 Plaintiff did not, at any time during the term of the Agreement, confirm or indicate

17 to Defendant that it would be unable to fulfill any of Defendant's order requests

18 for such ingredients.  *See* SUMF, ¶¶ 12, 13.  Yet, without meeting any of the

19 conditions under the exception to the Agreement's exclusivity provision and

20 without even asking for Plaintiff's permission, Defendant purchased the

21 ingredients necessary for the production of Plaintiff's rice protein formula from

22 suppliers other than Plaintiff.  *See* SUMF, ¶¶ 5, 7-9, 11-14.  An independent audit

23 of Defendant's books and records also prove that Defendant purchased such

24 ingredients from other suppliers without cause in direct violation of the Sales and

25 License Agreement.  *See* SUMF, ¶¶ 10-14.

26       Defendant also admitted that it executed the Amendment with Plaintiff, the

27 terms of which require Defendant to bear the costs of any audit of Defendant's

28 books and records conducted at Plaintiff's request.  *See* SUMF, ¶ 16.  An audit

was conducted and Plaintiff has since demanded for Defendant's payment of the audit expenses, a demand which Defendant has failed to accept. *See* SUMF, ¶¶ 18-21.

The undisputed facts thus show that Defendant executed the Agreement and Amendment and breached the terms of such contracts by purchasing ingredients from other suppliers in direct violation of the exclusivity provision of the Agreement and failing to pay the audit expenses required pursuant to the Amendment.

Accordingly, Plaintiff is entitled to an entry of summary judgment in its favor as to the issues of Defendant's liability and breach of the Agreement and Amendment. Specifically, Plaintiff respectfully requests the Court to enter an order declaring that Defendant breached the Agreement and is liable to Plaintiff, and that Defendant breached the Amendment and is liable to Plaintiff for the sum of $34,210.81, the amount outstanding for the auditor's fees and costs.

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that its Motion for Partial Summary Judgment be granted.

DATED: November 19, 2012            LAPIDUS & LAPIDUS
                                    A PROFESSIONAL LAW CORPORATION


                                    _____/s/_____
                                    JIM D. BAUCH
                                    Attorneys for Plaintiff
                                    4 and 1 Nutrition, LLC