RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff
4 and 1 Nutrition, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SUN BROTHERS, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: CV12-00357-GAF (MANx)<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>[Notice of Motion and Motion for Partial Summary Judgment, and Declarations of David Janow, Robert Bransky, Michael Shurgot, and Jim D. Bauch filed concurrently herewith; [proposed] Order lodged concurrently herewith.]<br><br>[Fed. R. Civ. P. 56]<br><br><u>Hearing</u><br>Date: December 24, 2012<br>Time: 9:30 a.m.<br>Courtroom 740 [Roybal Building]<br>Judge: Hon. Gary Allen Feess<br><br>Action Filed: January 13, 2012<br>Discovery Cut-Off: February 1, 2013<br>Trial Date: April 30, 2013 |

# UNDISPUTED MATERIAL FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**ISSUE 1:** Defendant Sun Brothers, LLC ("Defendant" or "Company") Is Liable For Breaching the Sales and License Agreement

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | In or about December 2009, defendant Sun Brothers, LLC ("Defendant" or "Company") made and entered into a written Sales and License Agreement ("Agreement") with plaintiff 4 and 1 Nutrition, LLC ("Plaintiff" or "Supplier"). | *See* Declaration of David Janow ("Janow Decl."), ¶¶ 2, & 3, Ex. 1 (Sales and License Agreement).<br><br>*See* Declaration of Robert Bransky ("Bransky Decl."), ¶ 3.<br><br>*See* Declaration of Jim D. Bauch ("Bauch Decl."), ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11). |

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 2. | Pursuant to the terms of the Agreement, Plaintiff agreed to license Defendant the rights to use certain of Plaintiff's rice protein formula. | *See* Janow Decl., ¶¶ 2, & 3, Ex. 1 (Sales and License Agreement).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11). |
| 3. | Paragraph 9.1 of the Agreement provides, in part, the following: "The Agreement shall be construed in accordance with and shall be governed by the laws of the State of California applicable to agreements made and to be performed in California and shall be construed without regard to either conflicts of law or any presumption or any other rule requiring construction against the Party causing this Agreement to be drafted." | *See* Janow Decl., ¶ 3, Ex. 1 (Sales and License Agreement, ¶ 9.1).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11). |

PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS – 3

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 4. Paragraph 1 of the Agreement provides, in part, the following: "For a period of two (2) years and six (6) months from the date of execution of this Agreement, Company shall exclusively purchase from Supplier all ingredients necessary for the production of the rice protein formula (hereinafter the "Ingredients")." | *See* Janow Decl., ¶ 3, Ex. 1 (Sales and License Agreement, ¶ 1).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A, 14); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11, 14). |
| 5. Paragraph 1 of the Agreement also provides, in part, the following: "Company acknowledges that Supplier may obtain certain products and Ingredients from third-parties and that a delay in delivery may occur beyond the reasonable control of Supplier." | *See* Janow Decl., ¶ 3, Ex. 1 (Sales and License Agreement, ¶ 1).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11). |

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 6. | Paragraph 1 of the Agreement also provides, in part, the following: "To ameliorate such delays, Company agrees each month to provide Supplier with reasonably developed forecasts of its Ingredients needs for the upcoming three (3) calendar months." | *See* Janow Decl., ¶ 3, Ex. 1 (Sales and License Agreement, ¶ 1).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11). |
| 7. | Paragraph 1 of the Agreement also provides, in part, the following: "In the event Supplier confirms in writing that it is not able to fulfill the requirements of a Company order request, Supplier shall have the right to select a replacement vendor for the Ingredients and will use best efforts to obtain such Ingredients at the same quality and price as currently purchasing." | *See* Janow Decl., ¶ 3, Ex. 1 (Sales and License Agreement, ¶ 1).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 11, Ex. A); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 11). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 8. Defendant purchased ingredients necessary for the production of Plaintiff's rice protein formula from suppliers other than Plaintiff during the term of the Agreement. | *See* Declaration of Michael Shurgot ("Shurgot Decl."), ¶ 2, Ex. 3 (Audit Report, paras. 6-27).<br><br>*See* Bauch Decl. ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶ 15); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶ 15); ¶ 4, Exs. 8 & 9 (Def.'s Amended and Restated Verified Answers to Plaintiff's First Set of Interrogatories and Responses to Requests for Production of Documents and Things, Def.'s Answer to Interrogatory Nos. 2, 4). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 9. During the term of the Agreement, Defendant purchased ingredients necessary for the production of Plaintiff's rice protein formula from Natural Ops., a supplier unrelated to Plaintiff. | *See* Shurgot Decl., ¶ 2, Ex. 3 (Audit Report, ¶¶ 6-7, 11-13).<br><br>*See* Janow Decl., ¶ 7.<br><br>*See* Bransky Decl., ¶ 6.<br><br>*See* Bauch Decl. ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶ 15); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶ 15); ¶ 4, Exs. 8 & 9 (Def.'s Amended and Restated Verified Answers to Plaintiff's First Set of Interrogatories and Responses to Requests for Production of Documents and Things, Def.'s Answer to Interrogatory Nos. 2, 4). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 10. An audit was conducted by a third party of Defendant's books and records. The audit confirms that, during the term of the Sales and License Agreement, Defendant purchased ingredients necessary for the production of Plaintiff's rice protein formula from other suppliers, including, but not limited to, Natural Ops. | *See* Shurgot Decl., ¶ 2, Ex. 3 (Audit Report, ¶¶ 1-27). |
| 11. At no time during the term of the Sales and License Agreement did Defendant provide Plaintiff with reasonably developed forecasts of its ingredients needs for the upcoming three months. | *See* Janow Decl., ¶ 5.<br><br>*See* Bransky Decl., ¶ 4. |
| 12. At no time during the term of the Sales and License Agreement did Plaintiff indicate, either in writing or orally, that it would be unable to fulfill any of Defendant's order requests. | *See* Janow Decl., ¶ 6.<br><br>*See* Bransky Decl., ¶ 5. |

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 13. | At no time during the term of the Sales and License Agreement did Plaintiff ever indicate that it would be unable to fulfill any of Defendant's order requests. | *See* Janow Decl., ¶ 6.<br><br>*See* Bransky Decl., ¶ 5. |
| 14. | Defendant never asked Plaintiff for permission to obtain the ingredients necessary for the production of Plaintiff's rice protein formula from any other vendor, including, but not limited to, Natural Ops. | *See* Janow Decl., ¶ 7.<br><br>*See* Bransky Decl., ¶ 6. |
| 15. | Natural Ops is not an entity and/or vendor related to and/or otherwise associated with Plaintiff. | *See* Janow Decl., ¶ 7.<br><br>*See* Bransky Decl., ¶ 6. |

# UNDISPUTED MATERIAL FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

**ISSUE 2:** Defendant Sun Brothers, LLC ("Defendant" or "Company") Is Liable For Breaching the Amendment to the Sales and License Agreement

| | UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 16. | Plaintiff and Defendant entered into an Amendment to the Sales and License Agreement ("Amendment"), effective January 14, 2012, amending the terms of the Agreement. | *See* Janow Decl., ¶ 4, Ex. 2 (Amendment to the Sales and License Agreement).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 12, Ex. B, 21); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 12, 21). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. Subsection (B) of paragraph 4 of the Amendment provides the following: "Audit: During the Initial Term and the Term of this Agreement, and for six months following the expiration or termination of this Agreement, Supplier has the right to inspect, copy, and audit, upon two business days' written notice, any and all business records of the Company, whether in hard copy or electronic form, including but not limited to purchase orders, invoices, shipping records, emails, bank statements, financial statements, and accounting records. Company shall retain complete books and records at its place of business. The Supplier shall designate a third party auditor at its discretion, which costs shall be borne by the Company." | *See* Janow Decl., ¶ 4, Ex. 2 (Amendment to the Sales and License Agreement, ¶ 4(B)).<br><br>*See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶¶ 1, 12, Ex. B, 17, 21); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶¶ 1, 12, 17, 21). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 18. Plaintiff invoked its audit rights and retained third party auditor, Resolution Economics, LLC, to conduct an audit of Defendants' records. | *See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶ 18); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶ 18). *See* Shurgot Decl., ¶ 2. |
| 19. The total cost of the audit was $49,052.91. | *See* Shurgot Decl., ¶¶ 3-7. |
| 20. Defendant has paid a total of $14,842.10 for the audit. | *See* Shurgot Decl., ¶¶ 5-6. |
| 21. To date, Defendant has not paid the outstanding total of the auditor's fees and costs in the amount of $34,210.81. | *See* Shurgot Decl., ¶ 7. *See* Bauch Decl., ¶ 2, Ex. 6 (Pltf.'s First Amended and Supp. Comp., ¶ 19); ¶ 3, Ex. 7 (Def.'s Answer to Pls.' First Amended Compl. And Counterclaim, ¶ 19). |

DATED: November 19, 2012

LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION


_____/s/_____
JIM D. BAUCH
Attorneys for Plaintiff
4 and 1 Nutrition, LLC