# EXHIBIT 6

RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff
4 and 1 Nutrition, LLC

**FILED**

2012 JUN 22  PM 1:30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SUN BROTHERS, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: CV12-00357-GAF (MANx)<br><br>**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR:**<br><br>**(1)  BREACH OF CONTRACT;**<br><br>**(2)  MISAPPROPRIATION OF TRADE SECRETS (CIVIL CODE SEC. 3426 ET SEQ.);**<br><br>**(3)  UNFAIR COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200);**<br><br>**(4)  UNJUST ENRICHMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

Exhibit 6
- 4 -

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 1

## SUMMARY OF ACTION

1.     Plaintiff sells brown rice protein, related brown rice products, and other related commodities associated with products comprised of rice protein as its base component. Defendant Sun Brothers, LLC ("Defendant") is a manufacturer of various health related products. The parties entered into a written Sales and License Agreement, as subsequently amended (the "Agreement"), whereby, among other terms, Plaintiff agreed to license Defendant to use certain of Plaintiff's proprietary rice protein formulas, and Defendant agreed to purchase the ingredients to this formula exclusively from Plaintiff. In breach of its contractual obligations, Defendant has purchased ingredients from other suppliers. In addition, Defendant continues to use Plaintiff's proprietary trade secrets without authorization, and has failed to pay audit expenses as required by the Agreement.

## THE PARTIES

2.     Plaintiff 4 and 1 Nutrition ("Plaintiff") is a Delaware limited liability company with its principal place of business in Los Angeles, California.

3.     Sun Brothers, LLC is a Nevada limited liability company with its principal place of business in Overton, Nevada. At all relevant times, Sun Brothers, LLC has done business as Sun Warrior, Raw Nature Boy, Sage Brothers, and Hyperthrive, and all references herein to Sun Brothers, LLC or Defendant shall include Sun Warrior, Raw Nature Boy, Sage Brothers, and Hyperthrive.

## JURISDICTION AND VENUE

4.     Jurisdiction exists pursuant to 28 U.S.C. § 1332, as Plaintiff is a Delaware corporation with its principal place of business in California, Defendant is a Nevada limited liability company with its principal place of business in

Exhibit 6
- 5 -

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 2

1   Nevada, and the amount in controversy exceeds $75,000, exclusive of interest and
2   costs.

3          5.      Defendant has systematic and continuous contacts with this judicial
4   district and has purposefully availed itself of the rights and privileges of
5   conducting business in this judicial district. A substantial part of the events
6   and/or omissions giving rise to the claims against Defendant occurred in this
7   judicial district. Further, Defendant consented to jurisdiction and litigation in this
8   forum in the parties' written agreement. Therefore, venue is proper and
9   assignment of this case to the Central District of California is appropriate pursuant
10  to 28 U.S.C. § 1391(b) and (c).

11

12                          **GENERAL ALLEGATIONS**

13         6.      Plaintiff sells brown rice protein, related brown rice products and
14  related commodities associated with products comprised of rice protein as its base
15  component.

16         7.      Plaintiff created a trade secreted brown rice protein formula using a
17  unique, proprietary and innovative method of processing brown rice to create
18  brown rice protein. This formula was developed over a substantial period of time
19  and at great expense.

20         8.      The formula developed and created by Plaintiff has received
21  recognition as the best protein on the market. At the 2008 Natural Products Expo,
22  Plaintiff's formula was named "Best Protein of the Year."

23         9.      To protect its customers, as well as to comply with applicable Food
24  and Drug Administration standards, Plaintiff employs rigorous testing and quality
25  control standards for its ingredients, and has earned a reputation for safety and
26  reliability.

27         10.     Defendant Sun Brothers, LLC is in the business of marketing various
28  health-related products, including brown rice protein products.

Exhibit 6
- 6 -

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 3

1       11.     In or about December 2009, Plaintiff and Defendant entered into an
2   agreement (the "Original Agreement") whereby, among other terms, Defendant
3   agreed to pay Plaintiff for the right to sell and promote products containing
4   Plaintiff's trade secreted and award-winning formulas. A true and correct copy of
5   the Original Agreement, excluding the schedule setting forth Plaintiff's
6   proprietary formulas, is attached as Exhibit A to this Complaint.

7       12.     Plaintiff and Defendant entered into an Amendment to Sales and
8   License Agreement, effective January 14, 2012 ("the Amendment"). A true and
9   correct copy of the Amendment is attached as Exhibit B to this Complaint. The
10  Original Agreement and the Amendment are collectively referred to as the
11  "Agreement."

12      13.     Plaintiff provided Defendant with its products, marketing materials
13  and formulas pursuant to the Agreement and otherwise complied in full with its
14  contractual obligations.

15      14.     Paragraph 1 of the Agreement requires Defendant to "exclusively
16  purchase from [Plaintiff] all ingredients necessary for the production of the rice
17  protein formula. . . ."

18      15.     Defendant has admitted to Plaintiff that it purchased ingredients for
19  the production of the rice protein formula from suppliers other than Plaintiff, in
20  violation of the Agreement's exclusivity clause.

21      16.     Defendant has sold products containing third party ingredients to
22  Defendant's distributors and retailers, in this judicial district and elsewhere.

23      17.     Paragraph 4 of the Agreement Plaintiff the right to audit Defendant's
24  books and records, and requires Defendant to bear the costs of such audit.

25      18.     Plaintiff has invoked its audit rights and retained a third party
26  auditor, who has conducted an audit of Defendant's books and records and
27  submitted invoices for work performed.

28

Exhibit 6
- 7 -

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 4

1    19.    Defendant, despite repeated demands, has failed to pay the auditor's
2    fees as required by the Agreement.

3

### FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT

6    20.    Plaintiff incorporates by reference herein paragraphs 1 through 19 of
7    its Complaint.
8    21.    Plaintiff and Defendant entered into the Agreement.
9    22.    Plaintiff has performed in all ways pursuant to the Agreement except
10   to the extent performance has been excused and/or prevented by Defendant.
11   23.    Defendant has breached the Agreement by purchasing ingredients
12   from suppliers other than Plaintiff, and by failing to pay audit expenses as
13   required by the Agreement.
14   24.    Defendant's actions and/or omissions as alleged herein, constitute
15   breaches of the Contract.
16   25.    As a direct and proximate result of Defendant's breaches of the
17   Contract, Plaintiff has been damaged in an amount according to proof at trial, but
18   no less than $500,000.
19   26.    Pursuant to section 9.11 of the Agreement, Plaintiff is entitled to
20   recover its attorneys fees in this action.

21

### SECOND CAUSE OF ACTION
### MISAPPROPRIATION OF TRADE SECRETS
### (CALIFORNIA CIVIL CODE SECTION 3426 ET SEQ.)

25   27.    Plaintiff incorporates by reference herein paragraphs 1 through 26 of
26   its Complaint.
27   28.    Using a unique, proprietary and innovative method of processing
28   brown rice to create brown rice protein, Plaintiff created a trade secret formula.

**Exhibit 6**
**- 8 -**

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 5

1   This formula was developed over a substantial period of time and at great

2   expense. Availability to competitors of the foregoing information would provide

3   a significant competitive advantage and cause a significant loss to Plaintiff.

4        29.    Plaintiff's trade secrets and confidential information are not

5   generally known to the public or the industry and have been the subject of

6   reasonable efforts to maintain their secrecy, including restricting access to the

7   confidential information and requiring those to whom the information is disclosed

8   to acknowledge in writing their duty to keep the information confidential.

9        30.    Upon information and belief, Defendant has misappropriated

10  Plaintiff's trade secrets and proprietary information, by using Plaintiff's trade

11  secret and confidential information to manufacture products that directly compete

12  with lawfully licensed products containing Plaintiff's formula, giving Defendant

13  an economic advantage that they would not have had without the confidential

14  information. The acts of Defendant as alleged constitute misappropriation of

15  trade secrets, as defined in Civil Code Section 3426.1(b).

16       31.    As a proximate result of Defendant's acts of misappropriation and

17  use of Plaintiff's trade secrets, Plaintiff has lost profits and will continue to lose

18  profits until Defendant is enjoined from using Plaintiff's trade secrets.

19       32.    As an additional proximate result of Defendant's acts of

20  misappropriation and use of Plaintiff's trade secrets, Plaintiff is informed and

21  believes that Defendant has been unjustly enriched in an amount subject to proof

22  at trial.

23       33.    As an additional proximate result of Defendant's acts of

24  misappropriation, Plaintiff has sustained, and will continue to sustain, great and

25  irreparable injury in that Plaintiff will lose customers and good will. Plaintiff has

26  no adequate remedy at law for these injuries. Unless Defendant is restrained from

27  using the confidential and proprietary information in the future, Plaintiff will be

28  compelled to bring a multiplicity of suits to protect its interests.

**Exhibit 6**
**- 9 -**

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 6

34.     Upon information and belief, Defendant committed its acts of misappropriation willfully and maliciously in that Defendant intended by its conduct to drive Plaintiff out of business.  Defendant's conduct justifies an award of exemplary damages under Civil Code Section 3426.3 and of attorneys' fees under Civil Code Section 3426.4.

## THIRD CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES – CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

35.     Plaintiff incorporates by reference herein paragraphs 1 through 34 of its Complaint.

36.     Defendant has committed acts of unfair business practices, as defined by Business and Professions Code Section 17200 et seq., by engaging in, among other unfair practices, misappropriation of trade secrets.

37.     These acts and practices violate Business and Professions Code Section 17200 in that they are illegal, unfair and/or fraudulent business practices.

38.     The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policy.

39.     As a direct and proximate result of the aforementioned acts, Defendant received and continues to hold ill-gotten gains resulting from its unfair business practices, which properly belong to Plaintiff.  Plaintiff, accordingly, seeks restitution of all such gains.

///
///
///

Exhibit 6
- 10 -

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 7

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

40.    Plaintiff incorporates by reference herein paragraphs 1 through 39 of its Complaint.

41.    Defendant has received a monetary benefit above and beyond what it is entitled to pursuant to the Agreement with Plaintiff and, also, a benefit based on the labors and efforts of Plaintiff in reliance upon the Agreement.

42.    It would be unjust to allow the Defendant to retain these additional monetary benefits that properly belong to Plaintiff.

43.    Accordingly, Defendant has received a benefit and unjustly retains it at the expense of Plaintiff.

44.    Accordingly, Plaintiff seeks restitution of such unjust funds retained by Defendant in an amount according to proof at trial and costs.

## PRAYER

Plaintiff prays for relief as follows:

1.  For the First Cause of Action: damages according to proof at trial, in an amount no less than $500,000; payment of all audit expenses; indemnification of Plaintiff against any and all claims by the auditor; prejudgment interest; attorneys fees pursuant to contract; costs of suit; and for such other and further legal and equitable relief as the Court deems just and proper;

2.  For the Second Cause of Action: compensatory damages for the actual harm caused by Defendant's unlawful conduct, in an amount no less than $200,000; an accounting of all profits derived by Defendant as a result of its unlawful conduct; disgorgement of all such wrongfully obtained profits; exemplary damages pursuant to Civil Code Section 3426.3; injunctive relief pursuant to Civil Code Section 3426.2, including but not limited to the following: an order that Defendant, its agents, servants and employees and all

Exhibit 6
- 11 -

1  persons acting in concert with them be restrained and enjoined preliminarily and
2  permanently from: (a) disclosing or using Plaintiff's trade secrets or confidential
3  or proprietary information; (b) unfairly competing with Plaintiff; (c) selling, or
4  attempting to sell, directly or indirectly, products substantially the same as or
5  identical to Plaintiff's product and formulas; and (d) selling, or attempting to
6  sell, directly or indirectly, products derived from Plaintiff's product and
7  formulas; recovery of Plaintiff's attorney's fees and costs as authorized by
8  statute; and for such other and further legal and equitable relief as the Court
9  deems just and proper;

10      3.  For the Third Cause of Action: a temporary restraining order,
11  preliminary and permanent injunction against Defendant halting its unlawful,
12  unfair and/or fraudulent business practices, pursuant to Business and Professions
13  Code Sections 17203 and 17535 and the equitable powers of this Court;
14  restitution to Plaintiff, on behalf of itself and the general public, of all funds
15  acquired by means of any act or practice declared by this Court to be unlawful or
16  fraudulent or to constitute unfair business practices pursuant to Business and
17  Professions Code Section 17203 and the equitable powers of this Court;
18  attorneys' fees pursuant to Code of Civil Procedure Section 1021.5 and Business
19  and Professions Code Section 17200 et seq.; costs of suit; prejudgment interest
20  on all amounts claimed as authorized by statute; and for such further relief as the
21  Court may order.

22
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**Exhibit 6**
**- 12 -**

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 9

1      4.  For the Fourth Cause of Action: restitution of all unjust gains; costs of

2    suit; prejudgment interest on all amounts claimed as authorized by statute; and

3    for such other and further legal and equitable relief as the Court deems just and

4    proper.

5

6    DATED: June _6_, 2012        LAPIDUS & LAPIDUS

7                       A PROFESSIONAL LAW CORPORATION

8

9

10                      JIM D. BAUCH
                         Attorneys for Plaintiff 4 and 1 Nutrition, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          **Exhibit 6**
                                        **- 13 -**

1

## DEMAND FOR TRIAL BY JURY

2      Plaintiff hereby demands a trial by jury of all issues which may be tried to

3  a jury.

4

5  DATED: June 6, 2012      LAPIDUS & LAPIDUS

6                       A PROFESSIONAL LAW CORPORATION

7

8

9                    JIM D. BAUCH
                    Attorneys for Plaintiff 4 and 1 Nutrition, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                               **Exhibit 6**
                                            **- 14 -**

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT - 11

Exhibit 6
- 15 -

# EXHIBIT A

## SALES and LICENSE AGREEMENT

THIS SALES and LICENSE AGREEMENT ( "Agreement"), dated as of _____ day of December, 2009, is made and entered into by and between 4 and 1 Nutrition, LLC, a Delaware limited liability company with a principal place of business at 12100 Wilshire Boulevard, Los Angeles, California 90025 (hereinafter "Supplier"), and Sun Brothers, LLC, an Nevada limited liability company with its principal place of business at 257 South Moapa Blvd., Overton, NV 89040 (hereinafter the "Company"). Each of Supplier and Company may sometimes be referred to herein as a "Party" and collectively as the "Parties."

### WITNESSETH

WHEREAS, Supplier sells brown rice protein, related brown rice products, and other related commodities associated with products comprised of rice protein as its base component;

WHEREAS, Company is in the business of manufacturing and marketing various health related products for wholesale and retail sale; and

WHEREAS, Company desires to purchase and Supplier desires to sell to Company certain ingredients.

NOW THEREFORE, in consideration of the promises and the mutual agreements contained herein, Supplier and Company, agree as follows:

1. **Agreement as to Ingredient Purchase.** For a period of two (2) years and six (6) months from the date of execution of this Agreement, Company shall exclusively purchase from Supplier all ingredients necessary for the production of the rice protein formula (hereinafter the "Ingredients"). Except for Oryzatein, as set forth below, Company shall make payment for the Ingredients ordered from Supplier in an amount equal to a thirty (30%) percent mark-up on Supplier's cost. Company acknowledges that Supplier may obtain certain products and Ingredients from third-parties and that a delay in delivery may occur beyond the reasonable control of Supplier. To ameliorate such delays, Company agrees each month to provide Supplier with reasonably developed forecasts of its Ingredients needs for the upcoming three (3) calendar months. In the event Supplier confirms in writing that it is not able to fulfill the requirements of a Company order request, Supplier shall have the right to select a replacement vendor for the Ingredients and will use best efforts to obtain such Ingredients at the same quality and price as currently purchasing.

For the first six (6) months of the Term, the Company shall have the right to purchase Oryzatein™ at rates set forth as follows:(i) o – 1 metric ton at $6.55 per kilo; (ii) 1 – 5 metric tons at $6.35 per kilo; (iii) 5-10 metric tons at $6.15 per kilo; and (iv) more than 10 metric tons at $5.95 per kilo. Following each six (6) calendar month period during the Term thereafter, the price per kilo for Oryzatein may be adjusted by Supplier, in its sole and absolute discretion, either upwards, not more than ten (10%) percent from the previous price or downwards not more than three (3%) percent than the previous price, based upon Suppliers costs and the market price, and to be reasonable and competitive with pricing extended by Supplier to other purchasers. The Company agrees that it will not sell Oryzatein in bulk to any third party company or distributor.

1

Exhibit 6
- 16 -

Within three (3) business days following Company's order of an Ingredient, Supplier shall provide confirmation to Company that the order has been received and shall provide Company with tracking numbers and related identifying information. Supplier shall provide to Company written evidence of all such orders placed, received, and shipped within a reasonable time following placement of any such order. The delivery requirements for Ingredients purchased and other related terms shall be reasonably negotiated by Supplier and Company at the time of the order. If there is a conflict between this Agreement and a purchase order for Ingredients, the terms of the purchase order shall govern as it may relate solely to the delivery of the Ingredients. Notwithstanding anything herein to the contrary, Supplier shall not be considered in default in the performance of any obligation hereunder to the extent that the performance is prevented or delayed by fire, flood, explosion, strike, war, insurrection, embargo, government requirement, civil or military authority, act of God, or any other event, occurrence or condition which is not caused, in whole or in part, by Supplier, and which is beyond the reasonable control of Supplier.

**2. Intentionally Left Blank**

3. License. Supplier hereby licenses to the Company, on a limited, non-exclusive, worldwide, revocable basis, for a period of ten (10) years (the "License") the following:

A) the Formulas, as they may be developed by 4and1 and set forth on Schedule A, as the same may be amended from time to time. For purposes of creating new Formulas and the development of new Products, the Parties agree that if such new Formulas utilize a rice protein/rice protein powder base, 4and1 shall be the sole owner of such new Formula(s); and

B) various marks owned and, as they may be developed by 4and1 and as set forth on Schedule B, as the same may be amended from time to time.

The Company hereby expressly acknowledges and agrees that any and all of the Formula(s), marks and other intellectual property which is the subject of this Section 3, and any derivatives therefrom are the exclusive property of Supplier or its parents, subsidiaries and affiliates, as the case may be, and that the Company does not have any rights, claims or interests in, or with respect to them. For purposes of clarification, a derivative of the Formula is any formula, that (a) is based on the licensed Formula and (b) rice protein makes up fifty (50%) percent or more of the key element.

Supplier acknowledges that it has no right, title and interest in and to any of Company's registered trademarks, with specific reference to the SunWarrior trademark.

The Parties agree that the License set forth herein shall be revocable under the following conditions: (i) if a petition under any foreign, state, or United States bankruptcy act, receivership statute, or the like, as now exists, or as may be amended, is filed by either Party; (ii) if such a petition is filed by any third-party against a Party and such petition or application is not resolved favorably by such Party within sixty (60) days; (iii) the breach or threatened breach of this Agreement by Company, as determined by Supplier in its sole discretion.

2

Exhibit 6
- 17 -

**4. Payment.** The Company shall pay for the Ingredients within ten (10) days of purchase by 4and1. In the case of the Oryzatein, Sun shall pay within five (5) days once the Oryzatein has cleared the regulatory process in the US; notwithstanding anything herein to the contrary, any melamine tests being conducted by 4and1 will not interfere with timely payment once the product is cleared by customs. All payments shall be made by wire transfer to the following account:

## WIRE TRANSFER INSTRUCTIONS

**5. Representations and Warranties.**

5.1 Company. Company hereby represents, warrants and covenants that: (i) it is duly formed, validly existing and in good standing under the laws of the state of its formation; (ii) it has the requisite corporate power and authority to execute, deliver and the ability to perform this Agreement and its terms hereunder; and (iii) no conflict of interest has arisen, or will arise, as a result of Company's execution of this Agreement, any third-party or other agreement to which the Company may have entered.

5.2 Supplier. Supplier represents warrants and covenants that: (i) it is duly formed, validly existing and in good standing under the laws of the state of its formation; (ii) it has the requisite corporate power and authority to execute, deliver and perform this Agreement and its terms hereunder and (iii) no conflict of interest has arisen, or will arise, as a result of Supplier's execution of this Agreement under any third-party agreement.

**6. Term.** This Agreement shall be effective as of the last date written on the signature page and have a term of two (2) years and six (6) months (the "Initial Term"). The Agreement may be renewed for successive one (1) year periods (each, a "Renewal Term" and together with the Initial Term, the "Term") upon the mutual consent of the Parties.

Either Party may terminate this Agreement immediately in the event of the occurrence of one or more of the following: (i) if a petition under any foreign, state, or United States bankruptcy act, receivership statute, or the like, as now exists, or as may be amended, is filed by either Party; (ii) if such a petition is filed by any third-party against a Party and such petition or application is not resolved favorably by such Party within sixty (60) days or (iii) either Party materially breaches this Agreement. Termination of this Agreement shall be without prejudice to any other legal and equitable rights and remedies of the Parties.

The Parties acknowledge and agree that upon termination or expiration of this Agreement, Supplier shall solely and exclusively own the Formulas.

3

**Exhibit 6**
**- 18 -**

7. **Relationship of the Parties.** This Agreement is an arm's length transaction of independent contractors. Nothing in this Agreement is intended nor shall it be construed as creating a joint venture, agency, partnership or employer/employee relationship, or any legal or equitable relationship other than that of independent contractor.

8. **Confidentiality.** The terms and obligations set forth in this Section 8 shall survive any termination or expiration of this Agreement. In performing its obligations hereunder, Company shall have access to and receive certain confidential and/or proprietary information about Supplier, its affiliates and clients including, without limitation, details related to the Ingredients and Formulas, and such other information and materials that Supplier considers confidential, trade secret and/or proprietary ("Confidential Information"). Neither Company, any third party manufacturer nor subcontractor hired by it, nor any of their employees or agents, successors or assigns, shall directly or indirectly use any of the Confidential Information for any purpose except in furtherance of their rights and obligations hereunder. Company agrees to not give, sell or in any way transfer, either directly or indirectly, Confidential Information to any third-party without the prior written approval of Supplier, except as may be required by law. Except as provided for in this Agreement, Company is prohibited from using Confidential Information, directly or indirectly, for its own benefit or gain. Company shall take all steps necessary to maintain the confidentiality of the Confidential Information in its possession, but in any event, no steps less than those Company uses to protect its own Confidential Information. Company hereby acknowledges the sensitive nature of the Confidential Information and agrees that to immediately notify Supplier of any such breach, whether actual or suspected. Company further agrees that is shall use is best efforts to recover any such lost or breached Confidential Information.

For purposes of this Agreement, the following shall not constitute Confidential Information: (i) information that is or becomes publicly known without violation of similar confidentiality obligations by the disclosing Party; (ii) information that is already known to Company without confidentiality obligations or restrictions at the time of its disclosure; (iii) information that, after its disclosure is made known to Company without restrictions by a third party having the right to do so.

If Company receives a subpoena or other administrative or judicial notice requesting the disclosure of Confidential Information, Company shall promptly notify Supplier and, if so requested, shall cooperate with 4and1 in resisting the disclosure. Subject to its obligations stated in the preceding sentence, Company shall be entitled to comply with any binding subpoena or other process to the extent required by law, but shall in doing so make every effort to secure the confidential treatment of any materials Sun is compelled to disclose.

9. **Miscellaneous.**

9.1. Applicable Law and Headings. This Agreement shall be construed in accordance with and shall be governed by the laws of the State of California applicable to agreements made and to be performed in California and shall be construed without regard to either conflicts of law or any presumption or any other rule requiring construction against the Party causing this Agreement to be drafted. The Parties consent to the jurisdiction of the federal courts of the State of California, County of Los Angeles for all matters pertaining to this Agreement. Should any matter requiring the intervention of the courts arise hereunder, but not qualify for federal court jurisdiction, the Parties agree and consent to the jurisdiction of the state courts of the State of California, County of Los Angeles. Headings are for reference and are not intended to affect the meaning of any term or condition of this Agreement.

4

Exhibit 6
- 19 -

9.2  Notices.  All Notices and other communications required or permitted to be given under this Agreement shall be in writing and will be deemed to have been duly given on the date delivered by hand, by overnight courier service or by messenger, or upon delivery by registered or certified mail (return receipt requested) postage prepaid, to any Party at the following addresses:

For Supplier:  12100 Wilshire Boulevard, Los Angeles, California 90025
          Attention David Janow.
          With a copy to WRK Legal Services, at 315 East 65th Street #5A, New York, NY 10065,
          Attention Wayne R. Kaufman, Esq.

For Company: 257 South Moapa Blvd, Overton, NV 89040,
          Attention Brent Hauver.
          With a copy to Company at
          4900 North Ocean BLVD, UNIT # 216 Fort Lauderdale, FL 33308.
          Attention Nick Stern.

9.3  Entire Agreement.  This Agreement contains the entire agreement between the Parties with respect to the subject matter set forth herein and supersedes, substitutes, replaces, and, except as otherwise set forth herein, overcomes any previous agreements between the Parties with respect solely to the subject matter hereof.  This Agreement is not intended to, and does not, modify, excuse, condition, or otherwise alter the Settlement Agreement or the rights and obligations contained therein.  Nothing in this Agreement is intended to nor shall prohibit Supplier from enforcing its rights under the Settlement Agreement, including but not limited to the entry of judgment and injunctive relief.

9.4 Amendments and Waivers. No modification to this Agreement nor any failure or delay in enforcing any term, shall be construed as a waiver of such term unless explicitly so stated in writing.  No provision of this Agreement may be amended or waived, unless such amendment or waiver is memorialized in writing and is signed by each Party hereto.

9.5  Assignment.  Neither Party may assign this Agreement, including its rights and obligations hereunder, to any third party without the prior written consent of the other Party.

9.6  Binding Effect. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and permitted assigns.

9.7  Non-Compete / Non-Solicit.  The Company hereby covenants and agrees that during the Term hereof, which is twelve (12) months, it will not, without the prior written consent of Supplier, directly or indirectly induce or attempt to induce any of the employees of Supplier to leave the employ of Supplier, or solicit the business of any client or customer of Supplier or any consultant to Supplier.  In addition, during the Term hereof, Company shall not, engage in, or own or control an interest in, or act as principal, director or officer of, or consultant to, any firm or corporation (i) engaged in a venture or business substantially similar to that of the Supplier or (ii) which is in direct or indirect competition with the Supplier.

5

Exhibit 6
- 20 -

9.8 _Severability and Survival._ If any term or provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, or otherwise unenforceable, such term or provision will be modified to the extent necessary in the court's opinion to render such term or provision enforceable. Further, such term or provision will not affect the other terms or provisions thereof or the whole of the Agreement. Company agrees that the License, Confidentiality and Title Sections of the Agreement shall survive the termination or expiration of this Agreement.

9.9 _Waiver of Consequential Damages._ In no event shall either Party hereto be liable to the other for consequential damages of any kind including, but not limited to loss of profits, loss by reason of shutdown, loss of product, or loss of use, arising from or in connection with this Agreement.

9.10 _Title and Return of Work Product._ All right, title and interest in and to works of authorship including, but not limited to, Formulas, drafts, workpapers, designs, plans, specifications, programs, computer output, valuations, estimates, reports, data, memoranda, findings, recommendations of every description and every innovation, conception, improvement, discovery or invention and any intellectual property rights associated therewith (collectively, the "Work Product") which are created, utilized or developed in connection with the Formulas, shall vest in and become the sole and exclusive property of Supplier. Company hereby irrevocably assigns all right, title, and interest in the Work Product to Supplier and shall, for no additional consideration, take any and all requisite steps and execute any and all such documents necessary to transfer the rights in the Work Product to Supplier.

Supplier hereby agrees that it shall not have any right in or to any customer database ("Database") created by Company, solely by Company's efforts and that Supplier shall return any Work Product related to the Database in accordance with this Section 9.10. In addition, Supplier further agrees that a final product manufactured by the Company, whether or not such final product utilizes the Formula, shall not be considered Work Product in connection with this Agreement.

Not later than ten (10) business days following the termination of this Agreement, each Party shall return all Work Product, Confidential Information and other documents due to be returned hereunder to the other Party and shall certify by signature of an officer of the returning Party the return or destruction, at the sole discretion of the receiving Party, of all such documents. The confidentiality obligations of this Agreement shall remain in full force and effect for as long as 4and1 maintains any of the Formulas as a trade secret or other proprietary intellectual property.

_[Signature Page Follows]_

6

Exhibit 6
- 21 -

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their officers duly authorized as of the date first written above.

4 AND 1 NUTRITION, LLC

By: _____          Date: _____

Its: _____

By: _____          Date: _____

Its: _____

SUN BROTHERS, LLC

By: _A GR_                                     Date: _Dec 17 2009_

Its: _____

By: _____                                     Date: _Dec 17 2009_

Its: _____

7

Exhibit 6
- 22 -

Exhibit 6
- 23 -

# EXHIBIT B

# AMENDMENT TO SALES AND LICENSE AGREEMENT

This Amendment ("Amendment"), dated as of January 14, 2012, is made and entered into by and between 4 and 1 Nutrition, LLC, a Delaware limited liability company with a principal place of business at 12100 Wilshire Blvd., Los Angeles, California 90025 ("Supplier") and Sun Brothers, LLC, a Nevada limited liability company with its principal place of business at 201 South Moapa Blvd., Overton NV 89040 (the "Company"), and shall amend that certain Sales and License Agreement (the "Agreement") entered into by Supplier and Company in December 2009.  Each of Supplier and Company may sometimes be referred to herein as a "Party" and collectively as the "Parties."

## I.    AMENDMENTS

The Parties hereby agree that the Agreement is amended as follows:

### 1.    Agreement as to Ingredient Purchase.

The first sentence of this section is deleted in its entirety and replaced with the following:

"For a period of five (5) years from the date of execution of this Agreement, Company shall exclusively purchase from Supplier all ingredients necessary for the production of the rice protein formula (hereinafter the "Ingredients".

### 3.    License.

The first sentence of this section is deleted in its entirety and replaced with the following:

"Supplier hereby licenses to the Company, on a limited, non-exclusive, worldwide, revocable basis for a period of three (3) years (the "Initial License") and after the Initial License the Supplier will renegotiate a royalty based final license for the use of the Formulas (the "Final License", together with the Initial License, the "Licenses") the following:".

### 4.    Payment.

The first and second sentence of this section is deleted in its entirety and replaced with the following:

"A) Payment Process: The Company shall pay for the Ingredients prior to Supplier's purchase for all ingredients required for the Formula.  In the case of Oryzatein, Sun shall pay upon receipt of the goods into their warehouse."

"B) Audit:  During the Initial Term and the Term of this Agreement, and for six months following the expiration or termination of this Agreement, Supplier has the right to inspect, copy, and audit, upon two business days' written notice, any and all business records of the Company, whether in hard copy or electronic form, including but not limited to purchase orders, invoices, shipping records, emails, bank statements, financial statements, and accounting records.  Company shall retain complete books and records at its place of business. The Supplier shall designate a third party auditor at its discretion, which costs shall be borne by the Company. "

### 6.    Term

The first and second sentence of this section is deleted in its entirety and replaced with the following:

1

Exhibit 6
- 24 -

"This Agreement shall be effective as of the last date written on the signature page and have a term of five (5) years (the "Initial Term"). Supplier shall have the right to unilaterally extend the Term for successive one year periods."

**9.2     Notices**

The "For Company:" shall be deleted in its entirety and replaced with the following: "

Attn:  Russ Crosby
PO Box 718
201 South Moapa Blvd.
Overton, NV 89040

**9.11     Attorneys Fees**

The following Section 9.11 shall be added to the Agreement.

"9.11 Attorneys Fees

The prevailing party in any action or proceeding arising out of this Amendment or the Agreement shall recover its actual attorneys' fees and costs, including all expert witness fees. Any costs associated with this and any other Amendment shall be borne by the Company."

**9.12     No Circumvention**

The following Section 9.12 shall be added to the Agreement.

"9.12. Non Circumvention. The Parties agree not to circumvent the provisions of this Amendment or the Agreement, and agree not to deprive or attempt to deprive the other Party of any right or benefit under the Amendment or the Agreement through any act or omission."

**9.13     Indemnity**

The following Section 9.13 shall be added to the Agreement.

"9.13. Indemnity.  Company shall indemnify, defend, and hold Supplier harmless, from any claims brought by any third party arising out of or related to any act, omission, and/or breach of this Agreement by Company.

**II.     ENTIRE AGREEMENT**

This Amendment, together with the Agreement, contains all agreements, covenants, representations and warranties, express or implied, oral and written between the parties hereto concerning the subject matter hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to any other party concerning the subject matter hereof.  All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties between the parties hereto concerning the subject mater hereof are merged herein.  Except as specifically noted in this Amendment or the Agreement, this is an integrated agreement.

Exhibit 6
- 25 -

III.   **REPRESENTATION OF AUTHORITY**

The persons executing this Amendment each represent and warrant that he or she is authorized to act on behalf of, and bind, the entity on whose behalf he or she has executed the Amendment.

IN WITNESS WHEREOF, the parties shall be deemed to have executed this Agreement as of the date first written above.

**4 and 1 Nutrition, LLC**

By: _____

Its: _____

**Sun Brothers, LLC**

By: Russ Crosby

Its: Operating Manager

By: Cody Roberts

Its: Operating Manager

**Exhibit 6**
**- 26 -**

# PROOF OF SERVICE BY MAIL

I, Marc Worden, declare as follows:

I am employed with the law firm of Lapidus & Lapidus, A Professional Law Corporation, 177 South Beverly Drive, Beverly Hills, California 90212. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years and not a party to this action.

On June 22, 2012, I served a copy of the following documents:

     1. First Amended and Supplemental Complaint

on the below parties in this action by placing true copies thereof in sealed envelopes, addressed as shown, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

**Brett D. Ekins, Esq.**
**Thad D. Seegmiller, Esq.**
Jones Waldo
301 N. 200 E., Suite 3-A
St. George, UT 84770

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Beverly Hills, California, on June 22, 2012.

Marc Worden

**Exhibit 6**
**- 27 -**

PROOF OF SERVICE

# EXHIBIT 7

1  BRETT D. EKINS (CSB #194736)
   JONES WALDO HOLBROOK & McDONOUGH PC
2  301 North 200 East, Suite 3A
   St. George, UT 84770
3  Telephone: (435) 628-1627
   Facsimile: (435) 628-5225
4  Email: bekins@joneswaldo.com

5  *Attorneys for Sun Brothers, LLC*

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10 | 4 AND 1 NUTRITION, LLC, a Delaware limited
   | liability company,                              | Case No. CV12-00357 CBM (MAN)
11 |
   |                    Plaintiff,                    | **ANSWER TO FIRST AMENDED**
12 |                                                  | **COMPLAINT AND COUNTERCLAIM**
   | v.
13 |
   | SUN BROTHERS, LLC, a Nevada limited liability
14 | company,
   |
15 |                    Defendant.

16

17

18        Defendant Sun Brothers, LLC ("Defendant"), by and through counsel, hereby states and

19 alleges as follows for its Answer to the First Amended Complaint ("Complaint") of Plaintiff 4 and 1

20 Nutrition, LLC ("Plaintiff"):

21        1.        Defendant admits Plaintiffs sells brown rice protein, but otherwise is without

22 knowledge or information sufficient to form a belief as to the truth of the allegations in the first

23 sentence of Paragraph 1 and on that basis denies each and every allegation contained therein.

24 Defendant admits the allegations contained in the second sentence of Paragraph 1. As to the third

25 sentence in Paragraph 1, Defendant admits it entered into a Sales and License Agreement (the

26 "Agreement") with Plaintiff, as amended and/or modified, which Agreement, as amended, and/or

27 modified, speaks for itself. As to the allegations made in the fourth and fifth sentences of Paragraph

28 1, denied.

1      2.     Defendant is without knowledge or information sufficient to form a belief as to the

2  truth of the allegations in Paragraph 2 and on that basis denies each and every allegation contained

3  therein.

4      3.     Defendant admits the allegations in the first sentence of Paragraph 3.  Defendant

5  admits it markets certain products under the "Sun Warrior" trademark, but denies each and every

6  remaining allegation in the second sentence of Paragraph 3.

7      4.     Defendant admits it is a Nevada limited liability company with its principal place of

8  business in Nevada, but otherwise is without knowledge or information sufficient to form a belief as

9  to the truth of the allegations in Paragraph 4 and on that basis denies such allegations.

10     5.     Defendant is without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in Paragraph 5 and on that basis denies each and every allegation contained

12  therein.

13     6.     Defendant is without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in Paragraph 6 and on that basis denies each and every allegation contained

15  therein.

16     7.     Defendant is without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in Paragraph 7 and on that basis denies each and every allegation contained

18  therein.

19     8.     Defendant is without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in Paragraph 8 and on that basis denies each and every allegation contained

21  therein.

22     9.     Defendant is without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in Paragraph 9 and on that basis denies each and every allegation contained

24  therein.

25     10.    Admitted.

26     11.    Defendant admits it entered into the Agreement with Plaintiff, as amended and/or

27  modified, which Agreement, as amended, and/or modified, speaks for itself.  Defendant admits that

28

91645.1

**Exhibit 7**

**-29-**

ANSWER AND COUNTERCLAIM

1  what appears to be a true and correct copy of the Agreement, without amendments and/or

2  modifications, is attached as Exhibit A to the Complaint.

3       12.    Defendant admits it entered into the Amendment to the Agreement.  Defendant admits

4  that what appears to be a true and correct copy of the Amendment is attached as Exhibit B to the

5  Complaint.

6       13.    Denied.

7       14.    The Agreement speaks for itself.

8       15.    Defendant admits it purchased ingredients for the production of the rice protein

9  formula from suppliers other than Plaintiff, but denies that said purchases constitute a breach of the

10  Agreement, as amended and/or modified.

11       16.    Defendant admits it has sold products containing third party ingredients to its

12  distributors and retailers, in this judicial district and elsewhere, but denies that said sales constitute a

13  breach of the Agreement, as amended and/or modified.

14       17.    The Agreement speaks for itself.

15       18.    Admitted.

16       19.    Defendant admits it has failed to pay in full the invoice submitted by the auditor, but

17  denies that it breached the Agreement in so doing.

18       20.    Defendant repeats and re-alleges its answers to all previous paragraphs of the

19  Complaint as if fully set forth herein.

20       21.    Defendant admits it entered into the Agreement, as amended and/or modified.

21       22.    Denied.

22       23.    Denied.

23       24.    Denied.

24       25.    Denied.

25       26.    Denied.

26       27.    Defendant repeats and re-alleges its answers to all previous paragraphs of the

27  Complaint as if fully set forth herein.

28

**Exhibit 7**

**-30-**

ANSWER AND COUNTERCLAIM

91645.1

1    28.    Defendant is without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in Paragraph 28 and on that basis denies each and every allegation contained

3    therein.

4    29.    Defendant is without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in Paragraph 29 and on that basis denies each and every allegation contained

6    therein.

7    30.    Denied.

8    31.    Denied.

9    32.    Denied.

10    33.    Denied.

11    34.    Denied.

12    35.    Defendant repeats and re-alleges its answers to all previous paragraphs of the

13    Complaint as if fully set forth herein.

14    36.    Denied.

15    37.    Denied.

16    38.    Denied.

17    39.    Denied.

18    40.    Defendant repeats and re-alleges its answers to all previous paragraphs of the

19    Complaint as if fully set forth herein.

20    41.    Denied.

21    42.    Denied.

22    43.    Denied.

23    44.    Denied.

24    ## AFFIRMATIVE DEFENSES

25    1.    The Complaint, and each purported cause of action thereof, fails to state a cause of

26    action.

27    2.    The Complaint is barred by the equitable doctrine of estoppel.

28

4

**Exhibit 7**

-31-

91645.1

ANSWER AND COUNTERCLAIM

1      3.     The Complaint is barred by the equitable doctrine of unclean hands.

2      4.     Any damages suffered by Plaintiff were caused by its own actions.

3      5.     Plaintiff's Third and Fourth Causes of Action are preempted by the California

4  Uniform Trade Secret Act ("CUTSA").  CUTSA preempts common law claims, such as unjust

5  enrichment, and statutory claims, such as unfair business practices under Cal. Bus. & Prof. Code §

6  17200, that are based on the same nucleus of facts as a claim for misappropriation of trade secrets.

7  *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.*, 171 Cal.App.4[th] 939, 958,

8  962, 90 Cal.Rptr.3d 247 (Cal. App. 2009); *Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025,

9  1034-35 (N.D. Cal. 2005); *Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F.Supp.2d 911, 985 (C.D.

10  Cal. 2011) (holding that CUTSA "'occupies the field' of common law claims based on the

11  misappropriation of a trade secret") (citing *K.C. Multimedia*).

12      6.     Defendant asserts that it has, or may have, further and additional affirmative defenses

13  to the Complaint that are not yet known to Defendant, but may become known to Defendant through

14  further discovery.  Defendant asserts each and every defense as may be ascertained by Defendant

15  through future discovery.

**COUNTERCLAIM**

16

17      Counterclaimant Sun Brothers, LLC ("Sun Brothers") for its counterclaim against

Counterclaim Defendant 4 and 1 Nutrition, LLC ("4 and 1"), alleges as follows:

18

19      1.     Sun Brothers is a Nevada limited liability company with its principal place of business

in Overton, Nevada.

20

21      2.     4 and 1 is a Delaware limited liability company with is principal place of business in

Los Angeles, California.

22

23      3.     Jurisdiction exists pursuant to 28 U.S.C. § 1367(a) in that the claims made herein are

so related to the claims in the First Amended Complaint that they form part of the same case or

24

controversy under Article III of the United States Constitution.

25

26      4.     Venue is proper pursuant to 28 U.S.C. § 1391(a) in the Central District of California

in that 4 and 1 resides in said district.

27

28

5

**Exhibit 7**

**-32-**

ANSWER AND COUNTERCLAIM

5.      In or about December 2009, Sun Brothers and 4 and 1 entered into a Settlement Agreement and Mutual General Release (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.

6.      In the Settlement Agreement, 4 and 1 agrees, among other things, not to "make any public statement (oral or in writing) which defames or disparages" Sun Brothers.

7.      On or about April 7, 2011, 4 and 1's Owner and President, David Janow, posted the following comment on Facebook:

> Hi, First of all I hate knocking my own products, but I created the sun warrior rice protein.  It has a 80% content on a dry basis.  It is not organic and not an isolate.  There is nothing acidic about the 90% sprouted whole grain brown rice, since Growing Naturals is organic and all natural.  The amount of Protein is less than Growing Naturals per serving.  The isolate is the most refined protein on the market and no one else has it.  IT is not false advertising. The reason why brown rice syrup solids are on the label not syrup…is because we use it as a natural carrier for the flavors.  There is not enough sugar in the product for it to show up on a nutritional profile and it is sweetened with organic Stevia. Also, the product used in this is an Ultra product not a silk product which is much more fine than the one used with Sun Warrior. Sorry just I felt and explanation was necessary because I believe in truth in advertising.

8.      This comment disparages Sun Brothers in that it states, either directly or indirectly, that Sun Brothers' product, Sun Warrior rice protein: (a) is only 80% rice protein on a dry basis; (b) is not organic; (c) is not an isolate; (d) has less protein per serving than the "Growing Naturals" product; (e) is not as refined as the "Growing Naturals" product; (f) is promoted by false advertisements; and (g) is not as fine as the "Growing Naturals" product.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

9.      Sun Brothers realleges and incorporates by reference the allegations made in the preceding paragraphs as if fully set forth herein.

10.     The Settlement Agreement is a valid and enforceable contract.

11.     Sun Brothers performed all of its obligations under the Settlement Agreement.

6

Exhibit 7
-33-

91645.1

ANSWER AND COUNTERCLAIM

1       12.    4 and 1 breached the non-disparagement clause in the Settlement Agreement in that it

2  published the above-referenced Facebook comment.

3       13.    As a direct and proximate result of said breach, Sun Brothers has been damaged in an

4  amount to be proven at the trial of this matter.

5      WHEREFORE, Defendant Sun Brothers, LLC prays for judgment as follows:

6       1.    That the Complaint be dismissed with prejudice, and that Plaintiff take nothing by its

7  action; and

8       2.    That Defendant be awarded its reasonable attorneys' fees incurred in the defense of

9  this action, all costs of court, and such further and other relief as the Court deems just and proper in

10  the circumstances.

11       3.    That Defendant be awarded damages as a result of Plaintiff's breach of contract; and

12       4.    That Defendant be awarded such other further relief as the Court may deem just and

13  proper.

14                **DEMAND FOR JURY TRIAL**

15      Demand for a jury trial is hereby made.

16      DATED this 24th day of August, 2012.

17               JONES, WALDO, HOLBROOK & McDONOUGH, PC

18

19               Brett D. Ekins

                   *Attorneys for Defendant Sun Brothers, LLC*

20

21

22

23

24

25

26

27

28

91645.1                                           ANSWER AND COUNTERCLAIM

# EXHIBIT 8

RYAN D. LAPIDUS (Bar No. 196838)
Email: ryan@lapiduslaw.com
DANIEL C. LAPIDUS (Bar No. 227170)
Email: dan@lapiduslaw.com
JIM D. BAUCH (Bar No. 199454)
Email: jim@lapiduslaw.com
LAPIDUS & LAPIDUS
A PROFESSIONAL LAW CORPORATION
177 SOUTH BEVERLY DRIVE
BEVERLY HILLS, CALIFORNIA 90212
TEL: 310-550-8700
FAX: 310-943-2471

Attorneys for Plaintiff
4 and 1 Nutrition, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SUN BROTHERS, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: CV12-00357-GAF (MANx)<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SUN BROTHERS, LLC.**<br><br>[FRCP 33] |

Exhibit 8
- 35 -

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SUN BROTHERS, LLC - 1

1 | PROPOUNDING PARTY:     PLAINTIFF 4 AND 1 NUTRITION, LLC
2 | RESPONDING PARTY:     DEFENDANT SUN BROTHERS, LLC
3 | SET NO.:     ONE

5 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

6 |      Pursuant to Federal Rules of Civil Procedure, Rule 33, defendant Sun
7 | Brothers, LLC ("Defendant") shall, within 30 days after service of this request,
8 | serve a response under oath to this first set of interrogatories to the law offices of
9 | Lapidus & Lapidus, 177 S. Beverly Drive, Beverly Hills, California 90212.

11 |      1.      Identify any and all of your products that contain Plaintiff's rice
12 | protein formula.

13 |      2.      Identify, by name and contact information, any and all persons
14 | (including, without limitation, any individual or entity) that you purchased
15 | ingredients from for the production of Plaintiff's rice protein formula beginning on
16 | January 1, 2008 to the present date.

17 |      3.      State all facts to support your allegation that "Defendant admits it
18 | purchased ingredients for the production of the rice protein formula from suppliers
19 | other than Plaintiff, but denies that said purchases constitute a breach of the
20 | Agreement, as amended and/or modified[,]" as so alleged in paragraph 14 of your
21 | Answer to Plaintiff's Complaint.

22 |      4.      Identify, by name and contact information, each "supplier" that you
23 | admit you purchased ingredients from for the production of Plaintiff's rice protein
24 | formula, as so alleged in paragraph 14 of your Answer to Plaintiff's Complaint
25 | ("Defendant admits it purchased ingredients for the production of the rice protein
26 | formula from suppliers other than Plaintiff, but denies that said purchases
27 | constitute a breach of the Agreement, as amended and/or modified.").

**Exhibit 8**
**- 36 -**

1    5.    State all facts to support your allegation that "Defendant admits it has

2    sold products containing third party ingredients to its distributors and retailers, in

3    this judicial district and elsewhere, but denies that said sales constitute a breach of

4    the Agreement, as amended and/or modified[,]" as so alleged in paragraph 15 of

5    your Answer to Plaintiff's Complaint.

6    6.    State all facts to support your affirmative defense that "[t]he

7    Complaint is barred by the statute of limitations."

8    7.    State all facts to support your affirmative defense that "[t]he

9    Complaint is barred by the equitable doctrine of laches."

10    8.    State all facts to support your affirmative defense that "[t]he

11    Complaint is barred by the equitable doctrine of waiver."

12    9.    State all facts to support your affirmative defense that "[t]he

13    Complaint is barred by the equitable doctrine of estoppel."

14    10.    State all facts to support your affirmative defense that "[t]he

15    Complaint is barred by the equitable doctrine of unclean hands."

16    11.    State all facts to support your affirmative defense that "Plaintiff has

17    failed to mitigate its damages."

18    12.    State all facts to support your affirmative defense that "[a]ny damages

19    suffered by Plaintiff were caused by its own actions."

20    13.    State all facts to support your affirmative defense that "Defendant's

21    actions as alleged in the Complaint was taken, if at all, with the permission and/or

22    consent of Plaintiff."

23

24    DATED: May 8, 2012            LAPIDUS & LAPIDUS
                                    A PROFESSIONAL LAW CORPORATION
25

26

27

        _____
        JIM D. BAUCH
28      Attorneys for Plaintiff
        4 and 1 Nutrition, LLC                    **Exhibit 8**
                                                  **- 37 -**

---

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT SUN BROTHERS, LLC  - 3

## PROOF OF SERVICE BY OVERNIGHT MAIL

I, Marc Worden, declare as follows:

I am employed with the law firm of Lapidus & Lapidus, A Professional Law Corporation, 177 South Beverly Drive, Beverly Hills, California 90212.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with FEDERAL EXPRESS; I am over the age of eighteen years and not a party to this action.

On May 8, 2012, I served a copy of the following documents:

    1.   Plaintiff's First Set of Interrogatories to Defendant Sun Brothers, LLC

on the below parties in this action by placing true copies thereof in sealed envelopes, addressed as shown, for collection and express mailing for delivery on the next business day with FEDERAL EXPRESS on the same day in the ordinary course of business:

**Brett D. Ekins, Esq.**
**Thad D. Seegmiller, Esq.**
Jones Waldo
301 N. 200 E., Suite 3-A
St. George, UT  84770
Tel: (435) 986-2113

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Beverly Hills, California, on May 8, 2012.

Marc Worden

Exhibit 8
- 38 -

PROOF OF SERVICE

# EXHIBIT 9

BRETT D. EKINS (CSB #194736)
JONES WALDO HOLBROOK & McDONOUGH PC
301 North 200 East, Suite 3A
St. George, UT  84770
Telephone:  (435) 628-1627
Facsimile:  (435) 628-5225
Email: bekins@joneswaldo.com

*Attorneys for Sun Brothers, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4 AND 1 NUTRITION, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SUN BROTHERS, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. CV12-00357CBM(MAN)<br><br>**DEFENDANT SUNBROTHERS, LLC'S AMENDED AND RESTATED VERIFIED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |

Defendant SUN BROTHERS, LLC provides the following verified answers to Plaintiff's First Set of Interrogatories and responses to Request for Production of Documents and Things as follows:

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Defendant objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other privilege authorized by law.  Such information shall not be provided and inadvertent provision of such information shall not be deemed a waiver of any privilege with respect to such information or of any work product that may attach to such information.

Defendant objects to the Interrogatories to the extent they seek information not in the possession, custody, or control of Defendant or refer to persons, entities, or events not known to

**Exhibit 9**
**- 39 -**

ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1  Defendant, on the ground that such Interrogatories seek to require more of Defendant than any

2  obligation imposed by law, which subject Defendant to unreasonable and undue annoyance,

3  oppression, burden, and expense, and would seek to impose an obligation to investigate or discover

4  information or materials from third parties or sources which are equally accessible to Plaintiff via

5  subpoena or otherwise.

6      Defendant objects to the Interrogatories to the extent they seek responses in full detail.

7  Defendant will respond as completely as recollection allows at this time or as can be ascertained.

8  However, Defendant objects to the characterization of any response as inclusive of all complete and

9  material details.

10     Defendant has not yet completed its investigation of the facts relating to this action and has

11 not yet completed its preparation for trial.  The responses contained herein are based only upon such

12 information and documents as are presently available to, and specifically known to, Defendant.  It is

13 anticipated that further discovery, research and investigation will supply additional facts and add

14 meaning to known facts, as well as establish new factual conclusions and legal contentions, all of

15 which may lead to substantial additions to, and changes and variations from, the responses herein set

16 forth.  Defendant accordingly reserves the right to change any and all responses herein as additional

17 facts are ascertained, analyses made, and legal research completed.

18     Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied

19 or should be inferred from the responses or objections to the Interrogatories.  Each response to the

20 Interrogatories is given subject to all appropriate objections (including, but not limited to, objections

21 concerning competency, relevancy, materiality, propriety and admissibility) which would require the

22 exclusion of any statement contained herein if the Interrogatories were asked of a witness present and

23 testifying in court, or of any statement contained herein if the answer were given by said witness.  All

24 such objections and grounds are reserved and may be imposed at the time of trial.

25     The foregoing comments and objections apply to each and every response given herein,

26 incorporated by reference as though fully set forth in each of the following responses.

27

**Exhibit 9**
**- 40 -**

28 91141.1

2

ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**INTERROGATORIES AND ANSWERS**

**INTERROGATORY NO. 1**:  Identify any and all of your products that contain Plaintiff's rice protein formula.

**ANSWER**: Sunbrothers, LLC has the following products that contain Plaintiff's rice protein formula:

        (i)       Vanilla Rice Protein, 1 kilogram container, SKU# 718122514793

        (ii)      Vanilla Rice Protein, 500 gram container, SKU# 718122515097

        (iii)    Chocolate Rice Protein, 1 kilogram container, SKU# 718122514892

        (iv)    Chocolate Rice Protein, 500 gram container, SKU# 718122515196

        (v)     Natural Rice Protein, 1 kilogram container, SKU# 718122514694

        (vi)    Natural Rice Protein, 500 gram container, SKU# 718122514991

**INTERROGATORY NO. 2**:  Identify, by name and contact information, any and all persons (including, without limitation, any individual or entity) that you purchased ingredients from for the production of Plaintiff's rice protein formula beginning on January 1, 2008 to the present date.

**ANSWER**: Defendant has purchased ingredients from 4 and 1 Nutrition, Axiom Foods, and Natural Ops.  4 and 1 Nutrition and Axiom Foods are either the Plaintiff in this matter or a subsidiary of Plaintiff.  Natural Ops is believed to be associated with Jon Jensen.  The addresses in Defendant's records for Natural Ops are 200 N. 100 E., Orem, Utah 84078 and 175 N. 600 E., Orem, Utah 84078.  The phone numbers in Defendant's records for Natural Ops are 801-318-6648 or 702-497-9962.  The email addresses in Defendant's records for Natural Ops and/or Jon Jensen are (eric.naturalops@gmail.com) and (jrone75@gmail.com).

**INTERROGATORY NO. 3**:  State all facts to support your allegation that "Defendant admits it purchased ingredients for the production of the rice protein formula from suppliers other than Plaintiff, but denies that said purchases constitute a breach of the Agreement, as amended and/or modified[,]" as so alleged in paragraph 14 of your Answer to Plaintiff's complaint.

**ANSWER**: On or about April 2011, Defendant became aware that a rice protein order shipment placed by Defendant with Plaintiff, or with Plaintiff's subsidiary, was delayed.  Plaintiff

**Exhibit 9**
**- 41 -**
3
ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1    could not provide Defendant adequate assurances about the extent of the delay.  Ultimately, the order

2    request was delayed for several months.  Defendant informed Plaintiff of the grave need for rice

3    protein during the time of delay.  Defendant informed Plaintiff of the nature and degree of lost

4    business that would be incurred in the event that the rice protein order was not received.  Plaintiff

5    failed and/or refused to fulfill the rice protein order request submitted by Defendant.  Plaintiff is

6    obligated pursuant to the Sales and License Agreement to either fulfill the order request or provide a

7    replacement vendor to fulfill the order request.  Plaintiff did not provide a replacement vendor to

8    fulfill the order request.  Plaintiff's failure to fulfill the order request and failure to provide a

9    replacement vendor put Defendant into an untenable business position and Defendant was forced to

10   purchase rice protein from suppliers other than Plaintiff in order to avoid additional losses or delays

11   in its production process.

12          **INTERROGATORY NO. 4**:  Identify, by name and contact information, each

13   "supplier" that you admit you purchased ingredients from for the production of Plaintiff's rice protein

14   formula, as so alleged in paragraph 14 of your Answer to Plaintiff's complaint ("Defendant admits it

15   purchased ingredients for the production of the rice protein formula from suppliers other than

16   Plaintiff, but denies that said purchases constitute a breach of the Agreement, as amended and/or

17   modified.").

18          **ANSWER**:  Defendant has purchased ingredients from 4 and 1 Nutrition, Axiom

19   Foods, and Natural Ops.  4 and 1 Nutrition and Axiom Foods are either the Plaintiff in this matter or

20   a subsidiary of Plaintiff.  Natural Ops is believed to be associated with Jon Jensen.  The addresses in

21   Defendant's records for Natural Ops are 200 N. 100 E., Orem, Utah 84078 and 175 N. 600 E., Orem,

22   Utah 84078.  The phone numbers in Defendant's records for Natural Ops are 801-318-6648 or 702-

23   497-9962.  The email addresses in Defendant's records for Natural Ops and/or Jon Jensen are

24   (eric.naturalops@gmail.com) and (jrone75@gmail.com).

25          **INTERROGATORY NO. 5**:  State all facts to support your allegation that

26   "Defendant admits it has sold products containing third party ingredients to its distributors and

27   retailers in this judicial district and elsewhere, but denies that said sales constitute a breach of the

28
**Exhibit 9**          4
          **- 42 -**          ANSWERS TO INTERROGATORIES AND RESPONSES TO
                              REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1 | Agreement, as amended and/or modified[,]" as so alleged in paragraph 15 of your Answer to
2 | Plaintiff's Complaint.

3 |       **ANSWER**: On or about April 2011, Defendant became aware that a rice protein order
4 | shipment placed by Defendant with Plaintiff, or with Plaintiff's subsidiary, was delayed.  Plaintiff
5 | could not provide Defendant adequate assurances about the extent of the delay.  Ultimately, the order
6 | request was delayed for several months.  Defendant informed Plaintiff of the grave need for rice
7 | protein during the time of delay.  Defendant informed Plaintiff of the nature and degree of lost
8 | business that would be incurred in the event that the rice protein order was not received.  Plaintiff
9 | failed and/or refused to fulfill the rice protein order request submitted by Defendant.  Plaintiff is
10 | obligated pursuant to the Sales and License Agreement to either fulfill the order request or provide a
11 | replacement vendor to fulfill the order request.  Plaintiff did not provide a replacement vendor to
12 | fulfill the order request.  Plaintiff's failure to fulfill the order request and failure to provide a
13 | replacement vendor put Defendant into an untenable business position and Defendant was forced to
14 | purchase rice protein from suppliers other than Plaintiff in order to avoid additional losses or delays
15 | in its production process.

16 |       **INTERROGATORY NO. 6**:  State all facts to support your affirmative defense that
17 | "[t]he Complaint is barred by the statute of limitations."

18 |       **ANSWER**: Defendant will stipulate to dismissal without prejudice of this affirmative
19 | defense, without waiving its right to re-allege this affirmative defense upon discovery of additional
20 | facts and/or legal theories.

21 |       **INTERROGATORY NO. 7**:  State all facts to support your affirmative defense that
22 | "[t]he Complaint is barred by the equitable doctrine of laches."

23 |       **ANSWER**:  Defendant will stipulate to dismissal without prejudice of this affirmative
24 | defense, without waiving its right to re-allege this affirmative defense upon discovery of additional
25 | facts and/or legal theories.

26 |       **INTERROGATORY NO. 8**:  State all facts to support your affirmative defense that
27 | "[t]he Complaint is barred by the equitable doctrine of waiver."

28 | 91141.1

**ANSWER**: As sole supplier to Defendant for production of the formula, Plaintiff is aware of the purchasing trends and needs of Defendant. Plaintiff is aware that Defendant was facing a shortage and that Plaintiff's shipment was delayed beyond a reasonable amount of time. Plaintiff is aware that Defendant was very concerned with the delay and shortage. Plaintiff failed to provide an alternative source of ingredients to fill Defendant's delayed order. After the shortage was remedied, Plaintiff has continued to sell ingredients to Defendant and Defendant has continued to purchase ingredients from Plaintiff.

**INTERROGATORY NO. 9**: State all facts to support your affirmative defense that "[t]he complaint is barred by the equitable doctrine of estoppel."

**ANSWER**: As sole supplier to Defendant for production of the formula, Plaintiff is aware of the purchasing trends and needs of Defendant. Plaintiff is aware that Defendant was facing a shortage and that Plaintiff's shipment was delayed beyond a reasonable amount of time. Plaintiff is aware that Defendant was very concerned with the delay and shortage. Plaintiff failed to provide an alternative source of ingredients to fill Defendant's delayed order. After the shortage was remedied, Plaintiff has continued to sell ingredients to Defendant and Defendant has continued to purchase ingredients from Plaintiff.

**INTERROGATORY NO. 10**: State all facts to support your affirmative defense that "[t]he Complaint is barred by the equitable doctrine of unclean hands."

**ANSWER**: As sole supplier to Defendant for production of the formula, Plaintiff is aware of the purchasing trends and needs of Defendant. Plaintiff is aware that Defendant was facing a shortage and that Plaintiff's shipment was delayed beyond a reasonable amount of time. Plaintiff is aware that Defendant was very concerned with the delay and shortage. Plaintiff failed to provide an alternative source of ingredients to fill Defendant's delayed order. Defendant believes that Plaintiff could have remedied the shortage but Plaintiff failed to do so. Defendant believes that Plaintiff caused and/or aggravated the shortage in an effort to harm Defendant. After the shortage was remedied, Plaintiff has continued to sell ingredients to Defendant and Defendant has continued to purchase ingredients from Plaintiff. On or about April 2011, Plaintiff, or Plaintiff's agents, actively

**Exhibit 9**
- 44 -

6

1 | and knowingly breached the Settlement Agreement between the parties by publicly disparaging

2 | Defendant and Defendant's products.

3 | **INTERROGATORY NO. 11**: State all facts to support your affirmative defense that

4 | "Plaintiff has failed to mitigate its damages."

5 | **ANSWER**: As sole supplier to Defendant for production of the formula, Plaintiff is

6 | aware of the purchasing trends and needs of Defendant.  Plaintiff is aware that Defendant was facing

7 | a shortage and that Plaintiff's shipment was delayed beyond a reasonable amount of time.  Plaintiff is

8 | aware that Defendant was very concerned with the delay and shortage.  Plaintiff failed to provide an

9 | alternative source of ingredients to fill Defendant's delayed order.  Defendant believes that Plaintiff

10 | could have remedied the shortage but Plaintiff failed to do so.  Other sources of ingredients exist in

11 | the market that Plaintiff could have provided to Defendant but Plaintiff failed to do so.  Defendant

12 | believes that Plaintiff caused and/or aggravated the shortage in an effort to harm Defendant.   On or

13 | about April 2011, Plaintiff, or Plaintiff's agents, actively and knowingly breached the Agreement by

14 | publicly disparaging Defendant and Defendant's products.  Plaintiff's actions and failures to act show

15 | that Plaintiff wished to interfere with Defendant's production of the formula and to disparage and

16 | harm Defendant's products containing the formula.  Plaintiff's actions have caused the harm caused

17 | to Plaintiff by Defendant to be increased and or amplified.

18 | **INTERROGATORY NO. 12**: State all facts to support your affirmative defense that

19 | "[a]ny damages suffered by Plaintiff were caused by its own actions."

20 | **ANSWER**: As sole supplier to Defendant for production of the formula, Plaintiff is

21 | aware of the purchasing trends and needs of Defendant.  Plaintiff is aware that Defendant was facing

22 | a shortage and that Plaintiff's shipment was delayed beyond a reasonable amount of time.  Plaintiff is

23 | aware that Defendant was very concerned with the delay and shortage.  Plaintiff is aware that

24 | Defendant is contractually obligated to purchase ingredients solely from Plaintiff.  Plaintiff is aware

25 | that if Plaintiff is unable to provide ingredients to fill a request by Defendant, Plaintiff must fill

26 | Defendant's request from an alternative source.  Plaintiff failed to provide an alternative source of

27 | ingredients to fill Defendant's order.  Defendant believes that Plaintiff could have remedied the

28 |

**Exhibit 9**
**- 45 -**
7

1 | shortage but Plaintiff failed to do so.  Other sources of ingredients exist in the market that Plaintiff

2 | could have provided to Defendant but Plaintiff failed to do so.  Defendant believes that Plaintiff

3 | caused and/or aggravated the shortage in an effort to harm Defendant.    On or about April 2011,

4 | Plaintiff, or Plaintiff's agents, actively and knowingly breached the Agreement by publicly

5 | disparaging Defendant and Defendant's products.  Plaintiff's actions and failures to act show that

6 | Plaintiff wished to interfere with Defendant's production of the formula and to disparage and harm

7 | Defendant's products containing the formula.  Plaintiff's actions have caused the harm caused to

8 | Plaintiff by Defendant to be increased and or amplified.

9 | **INTERROGATORY NO. 13**: State all facts to support your affirmative defense that

10 | "Defendant's actions as alleged in the Complaint was taken, if at all, with the permission and/or

11 | consent of Plaintiff."

12 | **ANSWER**:  As sole supplier to Defendant for production of the formula, Plaintiff is

13 | aware of the purchasing trends and needs of Defendant.  Plaintiff is aware that Defendant was facing

14 | a shortage and that Plaintiff's shipment was delayed beyond a reasonable amount of time.  Plaintiff is

15 | aware that Defendant was very concerned with the delay and shortage.  Plaintiff is aware that

16 | Defendant is contractually obligated to purchase ingredients solely from Plaintiff.  Plaintiff is aware

17 | that if Plaintiff is unable to provide ingredients to fill a request by Defendant, Plaintiff must fill

18 | Defendant's request from an alternative source.  Plaintiff failed to provide an alternative source of

19 | ingredients to fill Defendant's order.  Defendant believes that Plaintiff could have remedied the

20 | shortage but Plaintiff failed to do so.  Other sources of ingredients exist in the market that Plaintiff

21 | could have provided to Defendant but Plaintiff failed to do so.  Defendant believes that Plaintiff

22 | caused and/or aggravated the shortage in an effort to harm Defendant.   Plaintiff's knowing failure to

23 | provide an alternative source of ingredients  to Defendant during a time that Defendant had

24 | communicated the pressing need for ingredients was consent by Plaintiff for Defendant to purchase

25 | ingredients from another supplier.

26 | **Exhibit 9**
**- 46 -**

27 |

28 | 91141.1

8

ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1     **REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS AND RESPONSES**

2        **REQUEST NO. 1**: Any and all drafts of the AGREEMENT.

3        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

4 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

5        **REQUEST NO. 2**: Any and all DOCUMENTS that constitute, evidence,

6 memorialize, or refer to any COMMUNICATION with Plaintiff concerning the AGREEMENT.

7        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

8 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

9        **REQUEST NO. 3**: Any and all DOCUMENTS that constitute, evidence,

10 memorialize, or refer to any COMMUNICATION with any PERSON concerning the

11 AGREEMENT.

12        **RESPONSE**: Defendant objects to Plaintiff's Request No.3 as it is overbroad and

13 unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

14 documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

15        **REQUEST NO. 4**: Any and all DOCUMENTS that constitute, evidence,

16 memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

17 communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

18 Jon Jensen, Cody Roberts, and Russ Crosby) concerning the AGREEMENT.

19        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

20 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

21        **REQUEST NO. 5**: Any and all drafts of any proposed and/or executed amendments

22 to the AGREEMENT.

23        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

24 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

25        **REQUEST NO. 6**: Any and all DOCUMENTS that constitute, evidence,

26 memorialize, or refer to any COMMUNICATION with Plaintiff concerning any proposed and/or

27 executed amendments to the AGREEMENT.

28   91141.1      **Exhibit 9**     9

          **- 47 -**      ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1    **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

2    Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

3    **REQUEST NO. 7**:  Any and all DOCUMENTS that constitute, evidence,

4    memorialize, or refer to any COMMUNICATION with any PERSON concerning any proposed

5    and/or executed amendments to the AGREEMENT.

6    **RESPONSE**: Defendant objects to Plaintiff's Request No.7 as it is overbroad and

7    unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

8    documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

9    **REQUEST NO. 8**:  Any and all DOCUMENTS that constitute, evidence,

10   memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

11   communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

12   Jon Jensen, Cody Roberts, and Russ Crosby) concerning any proposed and/or executed amendments

13   to the AGREEMENT.

14   **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

15   Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

16   **REQUEST NO. 9**:  Any and all DOCUMENTS that constitute, evidence,

17   memorialize, or refer to any communication with Plaintiff concerning any breach of the

18   AGREEMENT.

19   **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

20   Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

21   **REQUEST NO. 10**:  Any and all DOCUMENTS that constitute, evidence,

22   memorialize, or refer to any COMMUNICATION with any PERSON concerning any breach of the

23   AGREEMENT.

24   **RESPONSE**: Defendant objects to Plaintiff's Request No.10 as it is overbroad and

25   unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

26   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

27   **REQUEST NO. 11**:  Any and all DOCUMENTS that constitute, evidence,

28   91141.1                    **Exhibit 9**                    10
                               **- 48 -**            ANSWERS TO INTERROGATORIES AND RESPONSES TO
                                                     REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1 memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

2 communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

3 Jon Jensen, Cody Roberts, and Russ Crosby) concerning any breach of the AGREEMENT.

4     **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

5 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

6     **REQUEST NO. 12**:  Any and all DOCUMENTS that constitute, evidence,

7 memorialize, or refer to any COMMUNICATION with Plaintiff concerning any breach of any

8 amendment to the AGREEMENT.

9     **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

10 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

11    **REQUEST NO. 13**:  Any and all DOCUMENTS that constitute, evidence,

12 memorialize, or refer to any COMMUNICATION with any PERSON concerning any breach of any

13 amendment to the AGREEMENT.

14    **RESPONSE**: Defendant objects to Plaintiff's Request No.13 as it is overbroad and

15 unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

16 documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

17    **REQUEST NO. 14**:  Any and all DOCUMENTS that constitute, evidence,

18 memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

19 communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

20 Jon Jensen, Cody Roberts, and Russ Crosby) concerning any breach of any amendment to the

21 AGREEMENT.

22    **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

23 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

24    **REQUEST NO. 15**:  Any and all DOCUMENTS that constitute, evidence,

25 memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

26 communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

27 Jon Jensen, Cody Roberts, and Russ Crosby) concerning Plaintiff.

28

**Exhibit 9**  11
**- 49 -**       ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1     **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

2 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

3     **REQUEST NO. 16**:  Any and all request and/or purchase orders to Plaintiff from

4 January 1, 2008 to the present date.

5     **RESPONSE**: Defendant objects to Plaintiff's Request No. 16 as said request solicits

6 documents that are more easily obtained by Plaintiff and/or in the possession of Plaintiff.  Subject to

7 this objection, Defendant will produce to Plaintiff all non-privileged documents in Defendant's

8 possession, custody, or control that are responsive to Plaintiff's Request.

9     **REQUEST NO. 17**:  Any and all invoices from Plaintiff from January 1, 2008 to the

10 present date.

11     **RESPONSE**: Defendant objects to Plaintiff's Request No. 17 as said request solicits

12 documents that are more easily obtained by Plaintiff and/or in the possession of Plaintiff.  Subject to

13 this objection, Defendant will produce to Plaintiff all non-privileged documents in Defendant's

14 possession, custody, or control that are responsive to Plaintiff's Request.

15     **REQUEST NO. 18**:  Any and all DOCUMENTS that constitute, evidence,

16 memorialize, reflect, or relate to payments to Plaintiff (including, without limitation, copies of all

17 checks, money orders, credit card statements, receipts, and/or write transfers) from January 1, 2008 to

18 the present date.

19     **RESPONSE**: Defendant objects to Plaintiff's Request No. 18 as said request solicits

20 documents that are more easily obtained by Plaintiff and/or in the possession of Plaintiff.  Subject to

21 this objection, Defendant will produce to Plaintiff all non-privileged documents in Defendant's

22 possession, custody, or control that are responsive to Plaintiff's Request.

23     **REQUEST NO. 19**:  Any and all DOCUMENTS that constitute, evidence,

24 memorialize, reflect, or relate to any monthly forecast of YOUR ingredient needs for the production

25 of Plaintiff's rice protein formula from January 1, 2008 to the present date.

26     **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

27 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

28     91141.1     **Exhibit 9**    12

ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1     **REQUEST NO. 20**:  Any and all DOCUMENTS that constitute, evidence,

2 memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

3 communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

4 Jon Jensen, Cody Roberts, and Russ Crosby) concerning YOUR ingredient needs for the production

5 of Plaintiff's rice protein formula from January 1, 2008 to the present date.

6     **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

7 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

8     **REQUEST NO. 21**:  Any and all DOCUMENTS that constitute, evidence,

9 memorialize, or refer to any COMMUNMICATION with Plaintiff concerning YOUR ingredient

10 needs for the production of Plaintiff's rice protein formula from January 1, 2008to the present date.

11     **RESPONSE**: Defendant objects to Plaintiff's Request No. 21 as said request solicits

12 documents that are more easily obtained by Plaintiff and/or in the possession of Plaintiff.  Subject to

13 this objection, Defendant will produce to Plaintiff all non-privileged documents in Defendant's

14 possession, custody, or control that are responsive to Plaintiff's Request.

15     **REQUEST NO. 22**:  Any and all DOCUMENTS that constitute, evidence,

16 memorialize, or refer to any COMMUNICATION with Plaintiff concerning any rice shortage

17 (whether pending, expected or immediate) from January 1, 2008 to the present date.

18     **RESPONSE**: Defendant objects to Plaintiff's Request No. 22 as said request solicits

19 documents that are more easily obtained by Plaintiff and/or in the possession of Plaintiff.  Subject to

20 this objection, Defendant will produce to Plaintiff all non-privileged documents in Defendant's

21 possession, custody, or control that are responsive to Plaintiff's Request.

22     **REQUEST NO. 23**:  Any and all DOCUMENTS that constitute, evidence,

23 memorialize, or refer to any internal COMMUNICATION (including, without limitation, any

24 communication between and amongst Brent Hauver, Nick Stern, Denley Fowlke, Wesley Williams,

25 Jon Jensen, Cody Roberts, and Russ Crosby) concerning any rice shortage (whether pending,

26 expected, or immediate) from January 1, 2008 to the present date.

27     **Exhibit 9**

28   **- 51 -**    13

91141.1      ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1    **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

2    Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

3    **REQUEST NO. 24**: Any and all DOCUMENTS that constitute, evidence,

4    memorialize, reflect, or relate to any contract and/or agreement with Jon Jensen.

5    **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

6    Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

7    **REQUEST NO. 25**: Any and all DOCUMENTS that constitute, evidence,

8    memorialize, or refer to any COMMUNICATION with Jon Jensen concerning Plaintiff.

9    **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

10   Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

11   **REQUEST NO. 26**: Any and all DOCUMENTS that constitute, evidence,

12   memorialize, or refer to any COMMUNICATION with Jon Jensen concerning the AGREEMENT.

13   **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

14   Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

15   **REQUEST NO. 27**: Any and all DOCUMENTS that constitute, evidence,

16   memorialize, or refer to any COMMUNICATION with Jon Jensen concerning ingredients for the

17   production of Plaintiff's rice protein formula.

18   **RESPONSE**: Defendant objects to Plaintiff's Request No. 27 as it is overbroad and

19   unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

20   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

21   **REQUEST NO. 28**: Any and all DOCUMENTS that constitute, evidence,

22   memorialize, or refer to any COMMUNICATION with Jon Jensen concerning Plaintiff's rice protein

23   formula.

24   **RESPONSE**: Defendant objects to Plaintiff's Request No. 27 as it is overbroad and

25   unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

26   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

27   **REQUEST NO. 29**: Any and all DOCUMENTS that constitute, evidence,

28

1 │ memorialize, or refer to any COMMUNICATION with Jon Jensen concerning Natural Ops.

2 │ **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

3 │ Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

4 │ **REQUEST NO. 30**:  Any and all DOCUMENTS that constitute, evidence,

5 │ memorialize, or refer to any COMMUNICATION between Jon Jensen and any other PERSON

6 │ concerning ingredients for the production of Plaintiff's rice protein formula.

7 │ **RESPONSE**: Defendant objects to Plaintiff's Request No. 30 as it is overbroad and

8 │ unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

9 │ documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

10 │ **REQUEST NO. 31**:  Any and all DOCUMENTS that constitute, evidence,

11 │ memorialize, or refer to any COMMUNICATION with Jon Jensen and any other PERSON

12 │ concerning Plaintiff's rice protein formula.

13 │ **RESPONSE**: Defendant objects to Plaintiff's Request No. 30 as it is overbroad and

14 │ unduly burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

15 │ documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

16 │ **REQUEST NO. 32**:  Any and all DOCUMENTS that constitute, evidence,

17 │ memorialize, reflect, or relate to any contract and/or agreement with Natural Ops.

18 │ **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

19 │ Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

20 │ **REQUEST NO. 33**:  Any and all request and/or purchase orders to Natural Ops

21 │ concerning ingredients for the production of Plaintiff's rice protein formula.

22 │ **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

23 │ Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

24 │ **REQUEST NO. 34**:  Any and all invoices from Natural Ops concerning ingredients

25 │ for the production of Plaintiff's rice protein formula.

26 │ **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

27 │ Defendant's possession, custody, or control that are responsive to Plaintiff's Request..

28 │

1       **REQUEST NO. 35**: Any and all DOCUMENTS that constitute, evidence,

2 memorialize, reflect or relate to any payment to Natural Ops (including, without limitations, copies of

3 all checks, money orders, credit card statements, receipts, and/or wire transfers)concerning

4 ingredients for the production of Plaintiff's rice protein formula.

5       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

6 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

7       **REQUEST NO. 36**: Any and all DOCUMENTS that constitute, evidence,

8 memorialize, or refer to any COMMUNICATION with Natural Ops concerning Plaintiff.

9       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

10 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

11       **REQUEST NO. 37**: Any and all DOCUMENTS that constitute, evidence,

12 memorialize, or refer to any COMMUNICATION with Natural Ops concerning the AGREEMENT.

13       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

14 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

15       **REQUEST NO. 38**: Any and all DOCUMENTS that constitute, evidence,

16 memorialize, or refer to any COMMUNICATION with Natural Ops concerning ingredients for the

17 production of Plaintiff's rice protein formula.

18       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

19 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

20       **REQUEST NO. 39**: Any and all DOCUMENTS that constitute, evidence,

21 memorialize, or refer to any COMMUNICATION with Natural Ops concerning Jon Jensen.

22       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

23 Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

24       **REQUEST NO. 40**: Any and all DOCUMENTS that constitute, evidence,

25 memorialize, reflect, or relate to any contract and/or agreement with any PESON concerning

26 ingredients for the production of Plaintiff's rice protein formula.

27       **RESPONSE**: Defendant objects to Plaintiff's request No. 40 as it is unduly broad and

28   91141.1       **Exhibit 9**     16     ANSWERS TO INTERROGATORIES AND RESPONSES TO
               **- 54 -**              REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1  burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

2  documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

3        **REQUEST NO. 41**:  Any and all request and/or purchase orders to any PERSON

4  concerning ingredients for the production of Plaintiff's rice protein formula.

5        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

6  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

7        **REQUEST NO. 42**:  Any and all invoices from any PERSON concerning ingredients

8  for the production of Plaintiff's rice protein formula.

9        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

10  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

11        **REQUEST NO. 43**:  Any and all DOCUMENTS that constitute, evidence,

12  memorialize, reflect, or relate to any payment made to any PERSON (including, without limitation,

13  copies of all checks, money orders, credit card statements, receipts, and/or wire transfers) concerning

14  ingredients for the production of Plaintiff's rice protein formula.

15        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

16  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

17        **REQUEST NO. 44**:  Any and all DOCUMENTS that constitute, evidence,

18  memorialize, reflect or relate to YOUR inventory (daily, weekly, monthly, or otherwise) of the

19  ingredients for the production of Plaintiff's rice protein formula beginning on January 1, 2008 to the

20  present date.

21        **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

22  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

23        **REQUEST NO. 45**:  Any and all DOCUMENTS that constitute, evidence,

24  memorialize, reflect, or relate to any and all shipments (including, without limitation, any shipping

25  and/or delivery slips) received by YOU containing ingredients for the production of Plaintiff's rice

26  protein formula from January 1, 2008 to the present.

27        **Exhibit 9**

28      **- 55 -**          17

1    **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

2    Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

3    **REQUEST NO. 46**:  Any and all DOCUMENTS that constitute, evidence,

4    memorialize, reflect, or relate to any and all shipments (including, without limitation, any shipping

5    and/or delivery slips) from YOU to any PERSON containing Plaintiff's rice protein formula from

6    January 1, 2008 to the present.

7    **RESPONSE**: Defendant objects to Request No. 46 because it is unduly broad and

8    burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

9    documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

10   **REQUEST NO. 47**:  Any and all request and/or purchase orders for any of YOUR

11   products that contain Plaintiff's rice protein formula from January 1, 2008 to the present.

12   **RESPONSE**: Defendant objects to Request No. 47 because it is unduly broad and

13   burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

14   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

15   **REQUEST NO. 48**:  Any and all invoices from YOU to any PERSON for YOUR

16   products that contain Plaintiff's rice protein formula from January 1, 2008 to the present.

17   **RESPONSE**: Defendant objects to Request No. 48 because it is unduly broad and

18   burdensome. Subject to this objection, Defendant will produce to Plaintiff all non-privileged

19   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

20   **REQUEST NO. 49**:  Any and all DOCUMENTS that constitute, evidence,

21   memorialize, reflect, or relate to any payment made to YOU (including, without limitation, copies of

22   all checks, money orders, credit card statements, receipts, and/or wire transfers) for products that

23   contain Plaintiff's rice protein formula from January 1, 2008 to the present.

24   **RESPONSE**: Defendant objects to Request No. 49 because it is unduly broad and

25   burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

26   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

27   **REQUEST NO. 50**:  Any and all DOCUMENTS that constitute, evidence,

28

1  memorialize, reflect, or relate to YOUR sales of products that contain Plaintiff's rice protein formula

2  from January 1, 2008 to the present.

3  **RESPONSE**: Defendant objects to Request No.50 because it is unduly broad and

4  burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

5  documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

6  **REQUEST NO. 51**:  YOUR QuickBook files that in any way refer to, or involve, the

7  purchase or sale of ingredients for the production Plaintiff's rice protein formula beginning on

8  January 1, 2008 to the present date.

9  **RESPONSE**: Defendant objects to Request No. 51 because it is unduly broad and

10  burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

11  documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

12  **REQUEST NO. 52**:  YOUR QuickBook files that in any way refer to, or involve, the

13  sale of products that contain Plaintiff's rice protein formula from January 1, 2008 to the present.

14  **RESPONSE**: Defendant objects to Request No. 52 because it is unduly broad and

15  burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

16  documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

17  **REQUEST NO. 53**:  Any and all DOCUMENTS that constitute, evidence,

18  memorialize, or refer to any COMMUNICATION with any PERSON (including, without limitation,

19  bodybuilding.com, Vitamin Shoppe, and Mother's Market & Kitchen) concerning ingredients for the

20  production of Plaintiff's rice protein formula.

21  **RESPONSE**: Defendant objects to Request No. 53 because it is unduly broad and

22  burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

23  documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

24  **REQUEST NO. 54**:  Any and all DOCUMENTS that constitute, evidence,

25  memorialize, or refer to any COMMUNICATION with to any PERSON (including, without

26  limitation, Bodybuilding.com, Vitamin Shoppe, and Mother's Market & Kitchen) concerning

27  Plaintiff's rice protein formula.

28  91141.1

**Exhibit 9**
**- 57 -**

19

1   **RESPONSE**: Defendant objects to Request No. 54 because it is unduly broad and

2   burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

3   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

4   **REQUEST NO. 55**:  Any and all DOCUMENTS that constitute, evidence,

5   memorialize, or refer to any COMMUNICATION with any PERSON (including, without limitation,

6   Bodybuilding.com, Vitamin Shoppe, and Mother's Market & Kitchen) concerning Plaintiff.

7   **RESPONSE**: Defendant objects to Request No. 55 because it is unduly broad and

8   burdensome. Subject to this objection, Defendant will produce to Plaintiff all non-privileged

9   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

10   **REQUEST NO. 56**:  Any and all DOCUMENTS that constitute, evidence,

11   memorialize, or refer to any COMMUNICATION with any PERSON (including,  without limitation,

12   Bodybuilding.com, Vitamin Shoppe, and Mother's Market & Kitchen) concerning Jon Jensen.

13   **RESPONSE**: Defendant objects to Request No. 56 because it is unduly broad and

14   burdensome.  Subject to this objection, Defendant will produce to Plaintiff all non-privileged

15   documents in Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

16   **REQUEST NO. 57**:  All DOCUMENTS that constitute, evidence, memorialize,

17   reflect, or relate to any company resolutions and/or authorizations concerning Plaintiff.

18   **RESPONSE**: Defendant objects to Plaintiff's Request No. 57 to the extent that it

19   requests privileged communications relating to the trial strategy and litigation with Plaintiff. Subject

20   to this objection, Defendant will produce to Plaintiff all non-privileged documents in Defendant's

21   possession, custody, or control that are responsive to Plaintiff's Request.

22   **REQUEST NO. 58**:  All DOCUMENTS that constitute, evidence, memorialize,

23   reflect, or relate to any company resolutions and/or authorizations concerning Jon Jensen.

24   **RESPONSE**: Defendant objects to Plaintiff's Request No. 58 to the extent that it

25   requests privileged communications.  Subject to this objection, Defendant will produce to Plaintiff all

26   non-privileged documents in Defendant's possession, custody, or control that are responsive to

27   Plaintiff's Request.

28   91141.1

**Exhibit 9**
**- 58 -**

20

ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1       **REQUEST NO. 59**:  All DOCUMENTS that constitute, evidence, memorialize,

2  reflect, or relate to any company resolutions and/or authorizations concerning Natural Ops.

3       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

4  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

5       **REQUEST NO. 60**:  All DOCUMENTS that constitute, evidence, memorialize,

6  reflect, or relate to any company resolutions and/or authorizations of concerning ingredients for the

7  production of Plaintiff's rice protein formula.

8       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

9  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

10       **REQUEST NO. 61**:  All DOCUMENTS that constitute, evidence, memorialize,

11  reflect, or relate to any company resolutions and/or authorizations concerning Plaintiff's rice protein

12  formula.

13       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

14  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

15       **REQUEST NO. 62**:  All DOCUMENTS that constitute, evidence, memorialize,

16  support or contradict YOUR responses to Plaintiff's First Set of Interrogatories served concurrently

17  herewith.

18       **RESPONSE**: Defendant will produce to Plaintiff all non-privileged documents in

19  Defendant's possession, custody, or control that are responsive to Plaintiff's Request.

20       DATED this 19th day of July, 2012.

21                    JONES, WALDO, HOLBROOK & McDONOUGH, PC

22

23                       /s/ Brett D. Ekins
                    Brett D. Ekins
                    *Attorneys for Sun Brothers, LLC*

24

25

26            **Exhibit 9**
          **- 59 -**

27

28

                 21

ANSWERS TO INTERROGATORIES AND RESPONSES TO
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

**VERIFICATION**

I, Russ Crosby, am the Operating Manager of Sun Brothers, LLC, Defendant in the above cause of action. I have read the first set of INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS propounded to me by Plaintiff, 4 and 1 Nutrition, LLC and the DEFENDANT SUNBROTHERS LLC'S AMENDED AND RESTATED VERIFIED ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS. I am familiar with the contents of both. Based on my knowledge, the ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing responses are true and correct.

Dated this 19th day of July, 2012.

Russ Crosby, Operating Manager
SUN BROTHERS, LLC

**Exhibit 9**
**- 60 -**

91652.1

## PROOF OF SERVICE BY MAIL AND E-MAIL

I, Renee Baker, declare as follows:

I am employed by Jones, Waldo, Holbrook & McDonough, P.C., 301 N. 200 East, Suite 3A, St. George, Utah 84770.  I am readily familiar with the business practices of this office for collection and processing of correspondence or mailing with the United States Postal Service; I am over the age of eighteen years and not a party to this action.

On July 19, 2012, I served a copy of the following document:

DEFENDANT SUNBROTHERS, LLC'S AMENDED AND RESTATED VERIFIED ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

on the below parties in this action by placing a true copy thereof in a sealed envelope, addressed as show, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business as well as by e-mailing a true copy thereof to the e-mail address referenced below:

Ryan D. Lapidus
Daniel C. Lapidus
Jim D. Bauch
LAPIDUS & LAPIDUS
177 South Beverly Dr.
Beverly Hills, CA 90212
jim@lapiduslaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at St. George, Utah, this 19th day of July, 2012.

Renee Baker

**Exhibit 9**
**- 61 -**

23

ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS